COMMONWEALTH of Pennsylvania,
Appellee

v.

Russell Allan GENTRY, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 11, 2014.
Filed Oct. 3, 2014.

Anthony J. Tambourino, Public Defender, York, for appellant.

Stephanie E. Lombardo, Assistant District Attorney, York, for Commonwealth, appellee.

BEFORE: LAZARUS, J., MUNDY, J., and STABILE, J.

OPINION BY MUNDY, J.:

Appellant, Russell Allan Gentry, appeals from the December 17, 2013 order dismissing his "Motion for Restitution to be Discharged" and amending the restitution amount in his case from $49,000.00 to

$42,000.00. After careful review, we reverse and remand for further proceedings.

We summarize the relevant factual and procedural background of this case as follows. On June 2, 2009, the Commonwealth filed an information charging Appellant with three counts of possession with intent to deliver (PWID), three counts of intentional possession of a controlled substance, and one count each of possession of drug paraphernalia and receiving stolen property.[1] On August 6, 2009, Appellant pled guilty to two counts of PWID and one count of receiving stolen property. Pursuant to a plea agreement with the Commonwealth, the trial court imposed an aggregate sentence of ten to 23 months' imprisonment to be followed by two years' probation.[2] Relevant to this appeal, at sentencing, the Commonwealth requested that the trial court "set [restitution] at [$1.00] to be refined by probation." N.T., 8/6/09, at 2. The trial court ordered that "[r]estitution is in favor of [the victim] at one dollar subject to review and adjustment." *Id.* at 3. At some point, the York County Adult Probation Office (Probation) arrived at the amount of $49,000.00.[3] Appellant did not file a direct appeal with this Court.

On February 20, 2013, Probation filed a violation report based on Appellant's failure to pay his court fees, costs, and restitution.[4] The trial court held a hearing on April 15, 2013 at which Appellant admitted the violation and agreed with Probation's recommended sentence. As a result, the trial court revoked Appellant's probation and imposed a new sentence of four years' probation. Appellant did not file a motion for reconsideration of sentence or a notice of appeal.

On June 11, 2013, Appellant filed a "Motion for Restitution to be Discharged." The trial court conducted a hearing on December 17, 2013, at the conclusion of which it entered an order dismissing the motion as untimely. However, the trial court reduced the amount of restitution to $42,000.00 based on a concession from the Commonwealth. On January 16, 2014, Appellant filed a notice of appeal.[5]

On appeal, Appellant raises three issues for our review.

1. Whether the [trial] court erred in delegating the full restitution determination to York County Adult Probation at the August 6, 2009 sentencing?

2. Whether the [trial] court erred at the August 6, 2009 sentencing in allowing York County Adult Probation to unilaterally determine and set restitution at $49,000[.00] with-

---

1. 35 P.S. §§ 780–113(a)(30), 780–113(a)(16), 780–113(a)(32), and 18 Pa.C.S.A. § 3925(a), respectively.

2. The trial court imposed ten to 23 months' imprisonment for each PWID count and two years' probation for receiving stolen property. The PWID sentences were to run concurrent to each other.

3. The certified record contains a document filed January 22, 2010 from Probation entitled "Restitution." *See* Appellant's Motion for Restitution to be Discharged, 6/11/13, at Exhibit C. The form has handwritten notations for the trial court docket number, the restitu-

tion amount of $49,000.00, and the victim's name and address. *Id.* The record does not reveal how Probation arrived at $49,000.00 as the appropriate restitution amount.

4. The basis for the violation was that Appellant would not be able to pay the restitution amount in full by the time his probation expired. Petition for Violation, 2/20/13, at 2. Probation noted that Appellant had made all of his payments on time to date, and that he was in compliance with all other conditions of his probation. *Id.*

5. Appellant and the trial court have complied with Pa.R.A.P. 1925.

out an evidentiary hearing on the record within 30 days of sentencing?

3. Whether the restitution court violated [Appellant]'s due process rights by dismissing [Appellant]'s [m]otion for [r]estitution [h]earing on December 17, 2013, when restitution was never determined pursuant to a hearing on the record?

Appellant's Brief at 4.

■ Before analyzing the merits of Appellant's claims, we must first address the basis for our jurisdiction to consider the same. We may raise issues concerning jurisdiction *sua sponte*. *Commonwealth v. Andre*, 17 A.3d 951, 957–958 (Pa.Super.2011). Instantly, the trial court believed that Appellant's June 11, 2013 motion was untimely filed. Trial Court Opinion, 4/3/14, at 1. As restitution is part of the judgment of sentence, if the trial court were correct that Appellant's June 11, 2013 motion was an untimely motion for modification of sentence, it would have lacked jurisdiction to address the merits of Appellant's claims. *See* 42 Pa.C.S.A. § 5505 (stating, "a court upon notice to the parties may modify or rescind any order within 30 days after its entry … if no appeal from such order has been taken or allowed[ ]"). In addition, we would also lack jurisdiction to consider Appellant's appeal, as the appeal period would have expired on May 15, 2013, 30 days after the latest judgment of sentence was imposed. *See generally* Pa.R.A.P. 903(c)(3) (stating, "the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court[ ]"); Pa.R.Crim.P. 708(E) (stating, "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition … [and t]he filing of a motion to modify sentence will not toll the 30–day appeal period[ ]").

■ However, this Court has held that the restitution statute, Section 1106 of the Crimes Code, "permit[s] a defendant to seek a modification or amendment of the restitution order at any time directly from the trial court." *Commonwealth v. Stradley*, 50 A.3d 769, 772 (Pa.Super.2012), *citing Commonwealth v. Mitsdarfer*, 837 A.2d 1203, 1205 (Pa.Super.2003). Our case law in this Commonwealth establishes that the statute creates an independent cause of action for a defendant to seek a modification of an existing restitution order. *Id.; see also* 18 Pa.C.S.A. § 1106(c)(3) (stating, "**[t]he court may, at any time** or upon the recommendation of the district attorney … **alter or amend any order of restitution** made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order[ ]") (emphases added). In this case, Appellant's motion sought to modify the amount of restitution in this case down to $0.00. As a result, Appellant's motion was not untimely. Therefore, the trial court's order disposing of said motion was itself a final appealable order as it disposed of all claims regarding Appellant's motion. *See generally* Pa. R.A.P. 341(b)(1) (stating, "[a] final order is any order that … disposes of all claims and of all parties[ ]"). As noted above, Appellant filed a timely notice of appeal from said order. Accordingly, we are satisfied that we have jurisdiction to address the merits of Appellant's claims.

■ We begin by noting our well-settled standard of review. "It is well settled that a challenge to a court's authority to impose restitution is generally considered to be a challenge to the legality of the sentence." *Commonwealth v. Hall*, 994 A.2d 1141, 1143 (Pa.Super.2010) (*en banc* ) (citation omitted), *affirmed on other grounds,* —— Pa. ——, 80 A.3d 1204 (2013).

"A challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 (Pa.Super.2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa.Super.2014) (citation omitted). "An illegal sentence must be vacated." *Id.* "Issues relating to the legality of a sentence are questions of law[; as a result, o]ur standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa.Super.2014) (citations omitted).

■ In his first issue, Appellant avers that the trial court lacked authority to impose restitution when "the Commonwealth provided no evidence of the likely restitution at sentencing and made a 'place holder' recommendation[ ] of $1.00 which the [trial] court adopted without knowing the full extent of restitution when it sentenced [Appellant]." Appellant's Brief at 11. Appellant further argues that this permitted the Commonwealth to avoid having to present any evidence of restitution, instead it allowed Probation to unilaterally impose an amount. *Id.* at 14. Therefore, in Appellant's view, because "the trial court never legally set [Appellant]'s restitution at sentencing, [ ] the order was void *ab initio*." *Id.* The Commonwealth concedes in its brief that the trial court imposed an illegal sentence. Commonwealth's Brief at 6. After careful review, we agree with both parties.

As noted above, the imposition of restitution is controlled by Section 1106 of the Crimes Code which provides in relevant part, as follows.

§ **1106. Restitution for injuries to person or property**

(a) **General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

(b) **Condition of probation or parole.**—Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, his compliance with such order may be made a condition of such probation or parole.

(c) **Mandatory restitution.**—

. . .

■ (2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

(3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

. . .

18 Pa.C.S.A. § 1106. The plain text of the statute requires the trial court to specify the amount of restitution at the time of the original sentencing as well as a method of payment. *Id.* § 1106(c)(2). In addition, our cases unequivocally hold that "[t]he [trial] court [is] not free to delegate these duties to an agency." *Commonwealth v. Deshong,* 850 A.2d 712, 716 (Pa.Su-

per.2004). This includes the county probation department. *Id.; see also Commonwealth v. Mariani,* 869 A.2d 484, 486 (Pa.Super.2005) (stating, "an order of restitution to be determined later is *ipso facto* illegal[ ]").

In this case the trial court imposed a restitution order of $1.00 as an interim value for Probation to determine at a later date. We agree with Appellant and the Commonwealth that this delegation is not permitted under Section 1106 or our cases.[6] *See* 18 Pa.C.S.A. § 1106(c)(2); *Mariani, supra, Deshong, supra.*

The trial court argues that its order should be affirmed for two separate reasons in addition to the motion's alleged untimeliness. First, the trial court states that, as part of his plea agreement, Appellant agreed to have Probation fix a restitution amount in exchange for the *nolle pross* of the remaining charges against him. Trial Court Opinion, 4/3/14, at 2. Second, the trial court avers that under Section 1106(c)(3) it may amend the resti-

---

**6.** We are cognizant of our Supreme Court's decision in *Commonwealth v. Dietrich,* 601 Pa. 58, 970 A.2d 1131 (2009), in which it held that the trial court complied with Section 1106(c)(2) by entering a restitution amount of $10,000.00 "based on information it received from the parties during the sentencing hearing." *Id.* at 1134. The dissent noted that the trial court appeared to have based the $10,000.00 amount on "an oblique reference by Appellant's attorney to the limits of a policy of automobile insurance pertaining to one of the accident vehicles." *Id.* at 1136 (Saylor, J., dissenting). Our Supreme Court distinguished *Mariani* and *Deshong,* characterizing those cases as ones in which this Court "invalidated restitution orders which postponed determining any restitution amount until after sentencing." *Id.* at 1134. The *Dietrich* Court held that because the trial court arrived at a restitution figure at sentencing based on submissions presented to it, Section 1106(c)(2) was satisfied. *Id.*

However, in this case, there were no submissions made by any party to the trial court

at the time of the entry of the $1.00 interim value. The record reveals that no party intended for Appellant to only owe $1.00 in restitution. Furthermore, the trial court acknowledged it intended the $1.00 figure to be merely an interim value because at a later hearing, the trial court stated that "at the time of sentencing, restitution **had not been determined.**" N.T., 7/23/13, at 2 (emphasis added). Rather, the intent of the order was to have submissions made to Probation and for Probation to arrive at what it believed was an appropriate figure. *See* N.T., 12/17/13, at 4. According to the Commonwealth this is "what typically takes place in [York C]ounty." *Id.* Although the *Dietrich* Court characterized *Mariani* and *Deshong* as cases with open-ended sentencing orders, *Dietrich* did not discuss or disapprove of the independent principle of those cases that a trial court may not delegate the decision of the restitution amount to an agency, which is what occurred here. *See Deshong, supra.* As a result, *Dietrich* does not present an impediment to our decision in this case.

tution order at any time and need only place its reasons on the record for such an amendment. *Id.* at 1–2. After careful review, we reject these arguments.

 Our cases clearly state that a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance. *See Commonwealth v. Langston,* 904 A.2d 917, 921 n. 2 (Pa.Super.2006) (stating, "[w]here a defendant has agreed to an allegedly illegal sentence, he or she is not thereafter precluded from raising the issue on appeal[ ]"). Furthermore, although it is true that a restitution order may be amended by a trial court "at any time" under Section 1106(c)(3), this presupposes that there is a legal restitution order to amend in the first place. We agree with the parties that the original restitution order was itself illegal. Therefore, there was no valid restitution for the trial court to amend in December 2013.

 Having determined that the trial court's restitution order was illegal, we now turn to the question of remedy, which is the only point of disagreement between Appellant and the Commonwealth. Appellant requests that we order him discharged from any restitution obligation, or in the alternative, remand for a rehearing and imposition of a new order. Appellant's Brief at 21. The Commonwealth argues the only appropriate remedy is "to allow the trial court to correct the illegal sentence by remanding the case for a new sentencing hearing in which restitution can be properly set." Commonwealth's Brief at 6–7.

At the outset, we note Appellant has not cited any authority for the proposition that a defendant should be discharged from restitution if the trial court imposes an illegal restitution order. Furthermore, our cases have rejected this argument previously. *See Mariani, supra* at 487 (stating the remedy as "remand[ing] for resentencing rather than vacating the restitution order as Appellant insists is appropriate[ ]"); *Deshong, supra* (agreeing with the Commonwealth that because the "disposition apparently alter[ed] the sentencing scheme of the trial court, we must vacate the sentence and remand for resentencing[ ]") (internal quotation marks omitted). As a result, we agree with the Commonwealth that the appropriate remedy is for the trial court to have an opportunity to impose a new restitution order. Therefore, on remand, the trial court shall vacate the restitution order and conduct a new sentencing hearing, limited to the issue of restitution consistent with Section 1106 and our cases.

Based on the foregoing, we conclude the trial court erred when it denied Appellant's motion, as its original restitution order was illegal.[7] Accordingly, the trial court's December 17, 2013 order is reversed, and the case is remanded for further proceedings, consistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

---

7. As we resolve Appellant's first issue in his favor, we need not address his remaining two issues on appeal.