J. S59039/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                                   :            PENNSYLVANIA
                  Appellee    :
                                     :
               v.              :
                                     :
DANIELLE LYNNE DAVIS,           :
                                     :
                 Appellant    :       No. 632 WDA 2015

Appeal from the Judgment of Sentence March 20, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division No(s).: CP-02-CR-0017210-2014

BEFORE: BOWES, DONOHUE, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:       **FILED OCTOBER 21, 2015**

Appellant, Danielle Lynne Davis, appeals from the Allegheny County

Court of Common Pleas' judgment of sentence. She claims the court's

restitution order of $350 must be vacated because the Commonwealth failed

to present any evidence supporting the order.[1] Appellant's Brief at 14. The

trial court now agrees and recommends the order "be stricken." Trial Ct.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Claims directed to the trial court's authority to impose restitution concern the legality of sentence and cannot be waived. ***Commonwealth v. Oree***, 911 A.2d 169, 172-73 (Pa. Super. 2006). Instantly, Appellant's issue challenges the court's authority to impose restitution. Thus, "our standard of review . . . is *de novo* and our scope of review is plenary." ***Commonwealth v. Gentry***, 101 A.3d 813, 817 (Pa. Super. 2014) (citations and internal alterations and quotation marks omitted). Moreover, although Appellant did not object to the imposition of restitution, we decline to find waiver. ***See id.***

Op., 6/12/15, at 2. The Commonwealth opposes and claims that it provided sufficient evidentiary support for the court's restitution order. Commonwealth's Brief at 4. Alternatively, it suggests that the case be remanded for a hearing. *Id.* We vacate the judgment of sentence and remand for further proceedings consistent with this order.

The parties are well versed in the factual and procedural history of this case. Briefly, Appellant admitted she picked up the victim's pocketbook after the victim dropped it on the floor at a casino. The court convened a guilty plea hearing at which the Commonwealth recited the allegations and averred the pocketbook contained $350. Appellant conceded to theft by unlawful taking,[2] but denied there was money in the pocketbook. She requested a separate hearing to dispute the restitution amount. The trial court accepted Appellant's plea and immediately sentenced her to two years' probation and $350 in restitution. The court, in response to this timely appeal, suggests there was no money in the pocketbook when Appellant took it. Trial Court Op. at 1-2.

Section 1106 of the Crimes Code states, "Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained . . . the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S. § 1106(a). Restitution

---

[2] 18 Pa.C.S. § 3921(a).

is mandatory and a part of a sentence.  *Commonwealth v. Pleger*, 934 A.2d 715, 720 (Pa. Super. 2007).

When determining the amount of restitution, Section 1106(c)(2) requires the trial court to "consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate."  18 Pa.C.S. § 1106(c)(2)(i).  Under Paragraph 4 of subsection (c), the Commonwealth bears the responsibility to recommend restitution based on information solicited from the victim, or if the victim does not respond, based on other available information.  18 Pa.C.S. § 1106(c)(4)(i)-(ii).

Instantly, because the trial court sentenced Appellant immediately after accepting her plea, the Commonwealth did not have a meaningful opportunity to provide a recommendation or substantiate its averment that the pocketbook contained money when Appellant took it.  *See* 18 Pa.C.S. § 1106(c)(2)(i), (c)(4)(i)-(ii).  Thus, we are constrained to vacate the judgment of sentence and remand this matter for the court to determine restitution pursuant to Section 1106.  On remand, the court shall make a record of its factual and credibility findings and legal conclusions.

Judgment of sentence vacated.  Case remanded for proceeding consistent with this order.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2015