J. S27007/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
v.   :

  :

JAIME NATER,   :   No. 790 EDA 2013
  :
Appellant   :


Appeal from the Judgment of Sentence, February 15, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. MC-51-MD-0000628-2013


BEFORE: FORD ELLIOTT, P.J.E., STABILE AND FITZGERALD,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED NOVEMBER 10, 2015**

Jaime Nater appeals from the judgment of sentence imposed on February 15, 2013, after he was held in contempt by the Honorable Karen Y. Simmons of the Philadelphia Municipal Court. We vacate.

The relevant facts and procedural history are as follows. On July 29, 2011, appellant was found guilty of possessing a small amount of marijuana, 35 P.S. § 780-113(a)(31). Judge Simmons deferred sentencing with the understanding that appellant would receive no further penalty contingent upon his completion of 50 hours of community service. On December 17, 2012, appellant appeared for court, and Judge Simmons learned that he had only completed 30 hours of community service. Appellant was instructed to complete the remaining 20 hours by January 9, 2013, and was informed that

---

* Former Justice specially assigned to the Superior Court.

if he did not do so, he would be found in contempt. (Notes of testimony, 2/15/13 at 4-7.)

On January 9, 2013, the proceedings were continued because Judge Simmons was attending a funeral. On February 15, 2013, the next listing, appellant informed the court that he had not completed any additional community service. (*Id.* at 8.) Defense counsel stated that he had no objection to sentencing appellant to a 30-day sentence. Judge Simmons imposed a 15 to 30-day sentence for possessing marijuana and then proceeded to conduct a contempt hearing. (*Id.* at 8-10.) Appellant was found in contempt and was sentenced to 2½ to 5 months' incarceration, to be served concurrently with his sentence for possessing marijuana. (*Id.* at 14.)

On February 25, 2013, appellant filed a "motion to reconsider and vacate contempt order and sentence: motion to reconsider sentence on possession of marijuana." (Docket #2.) Judge Simmons denied the petition the same day. Appellant's notice of appeal was filed on March 7, 2013. Herein, appellant presents the following issues for our review:

> 1. Was not the evidence insufficient to convict appellant of criminal contempt, insofar as appellant's "contemptuous" behavior of not completing community service hours does not satisfy the criteria for a finding of contempt under any section of 42 Pa.C.S. § 4137(a), and the sentence rendered was illegal under that statute?

> 2. Did not appellant's contempt conviction and sentence violate both the Pennsylvania and Federal Double Jeopardy Clauses, where appellant was convicted and sentenced for criminal contempt because he failed to complete community service as part of a deferred sentencing condition on a charge of possession of marijuana, but appellant had already been sentenced to the maximum allowable penalty because of this very same behavior on that same possession charge?

Appellant's brief at 4.

In his first argument, appellant asserts the municipal court did not specify under which subsection of the contempt statute she was holding appellant in contempt. Appellant points out the criminal docket shows that he was charged and convicted under 42 Pa.C.S.A. § 4137(a)(2), "[f]ailure of a person to obey lawful process in the nature of a subpoena issued by a magisterial district judge." Appellant goes on to argue that the municipal court erred as a matter of law in convicting him of contempt as his behavior did not fit within any criteria required for a finding of contempt under any subsection of the contempt statute and he was not in violation of any court order. Finally, appellant contends, assuming **arguendo** the charge and conviction were properly filed, his sentence was illegal. (Appellant's brief at 9-10.)

Preliminarily, we must determine if this appeal is proper. We may raise issues regarding jurisdiction **sua sponte**. **Commonwealth v. Gentry**, 101 A.3d 813, 816 (Pa.Super. 2014). As appellant points out, the

docket indicates that the municipal court erroneously issued contempt sanctions pursuant to Section 4137(a)(2), a provision relating to the contempt powers of magisterial courts. (***See*** docket #1.) In relevant part, Section 4137 declares:

> **§ 4137. Contempt powers of magisterial district judges**
>
> **(a) General rule.--**A magisterial district judge shall have the power to issue attachments and impose summary punishments for criminal contempts of a magisterial district judge court in the following cases:
>
> (1) Misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.
>
> (2) Failure of a person to obey lawful process in the nature of a subpoena issued by a magisterial district judge.
>
> (3) Failure to comply with an order of a magisterial district judge directing a defendant in a criminal proceeding to compensate the victim of the criminal conduct for the damage or injury sustained by the victim.
>
> (4) Failure to comply with an order of a magisterial district judge directing a defendant in a criminal proceeding to pay fines and costs in accordance with an installment payment order.
>
> (5) Violation of an order issued pursuant to 23 Pa.C.S.A. § 6110

(relating to emergency relief by minor judiciary).

. . . .

**(c)** **Punishment.--**Punishment for contempt specified in subsection (a)(1) or (3) may be a fine of not more than $100 or imprisonment for not more than 30 days, or both. Punishment for contempt specified in subsection (a)(2) shall be a fine of not more than $100. Failure to pay within a reasonable time could result in imprisonment for not more than ten days. Punishment for contempt specified in subsection (a)(5) shall be in accordance with that specified in 23 Pa.C.S.A. § 6144(b) (relating to contempt for violation of order or agreement). Punishment for contempt in subsection (a)(4) would be imprisonment for not more than 90 days.

**(d)** **Procedure.--**A magisterial district judge shall have the power to issue an attachment by means of a warrant and to conduct a hearing prior to the imposition of punishment for contempt. Any punishment imposed by a magisterial district judge for contempt shall be automatically stayed for a period of ten days from the date of imposition of the punishment during which time an appeal of the action of the magisterial district judge may be filed with the court of common pleas of the judicial district. The stay shall remain in effect pending the disposition of an appeal. **Upon the filing of the appeal, the court of common pleas shall hear the matter *de novo*.** On appeal, the accused shall have the right to be notified of the accusation and shall have a reasonable time to make a defense. The defendant shall not have a right to a jury trial on appeal. . . .

42 Pa.C.S.A. § 4137 (emphasis added).

Clearly, the above statute does not contemplate an appeal to this court directly, and the municipal court's citing of Section 4137 was in error. Nevertheless, we have jurisdiction to entertain this appeal as the Philadelphia Municipal Court shares concurrent jurisdiction with the Court of Common Pleas of Philadelphia County pursuant to 42 Pa.C.S.A. § 1123. A defendant is permitted to appeal a municipal court judge's contempt order directly to this court as a matter of right. ***See*** 42 Pa.C.S.A. § 1123(a.1) ("**Appeal from contempt citation or nuisance order.** There shall be a right to appeal to the Superior Court of a contempt citation issued by a municipal court judge, but the appeal shall be limited to a review of the record."). Accordingly, we have appellate jurisdiction over the municipal court's contempt order even though that court mistakenly invoked Section 4137 as the basis of its sanction. We note that in its Rule 1925(a) opinion, the court properly refers to its power to impose a summary punishment for contempt as set forth in 42 Pa.C.S.A. § 4132.[1] (Trial court opinion, 11/20/15 at 2-3.)

---

[1] "Direct contempt is obstruction by conduct, word or deed in the presence of the court and is a summary offense." ***Commonwealth v. Brown***, 622 A.2d 946, 948 (Pa.Super. 1993). "A charge of indirect criminal contempt consists of a claim that a violation of an order or decree of court occurred **outside the presence of the court**." ***Commonwealth v. Haigh***, 874 A.2d 1174, 1176 (Pa.Super. 2005), ***appeal denied***, 887 A.2d 1245 (Pa. 2005) (emphasis is original). Here, the court did not announce whether it had found appellant in direct or indirect criminal contempt. We believe, as does the Commonwealth and appellant, that the court was imposing punishment for indirect criminal contempt.

Appellant's first argument challenges the sufficiency of the evidence to support his conviction for criminal contempt. In conducting a sufficiency of the evidence review, we view all of the evidence admitted, even improperly admitted evidence. ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa.Super. 2013) (***en banc***). We consider such evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth. ***Id.*** When evidence exists to allow the fact-finder to determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim will fail. ***Id.***

Here, the municipal court found appellant guilty of contempt of court. The power to impose summary punishment for contempt is inherent in all courts, but is limited in this Commonwealth by 42 Pa.C.S.A. § 4132. Pursuant to Section 4132, the court has the power to issue attachments and to inflict summary punishments for contempt in the following circumstances:

> **§ 4132. Attachment and summary punishments for contempts**
>
> The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:
>
> (1) The official misconduct of the officers of such courts respectively.
>
> (2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

>     (3)    The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S.A. § 4132.

If a court finds a person in contempt under Section 4132, it is considered criminal rather than civil contempt. ***Stewart v. Foxworth***, 65 A.3d 468, 472 (Pa.Super. 2013). Instantly, it appears the municipal court found appellant to have violated Section 4132(2), which permits punishment for "[d]isobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court." Contempt under Section 4132(2) can be sustained only if the following four elements are present:

>     (1)    The court's order or decree must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;
>
>     (2)    The contemnor must have had notice of the specific order or decree;
>
>     (3)    The act constituting the violation must have been volitional; and
>
>     (4)    The contemnor must have acted with wrongful intent.
>
> Further, unless the evidence establishes an intentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven. Moreover, a conviction for criminal contempt requires proof beyond a reasonable doubt.

***Commonwealth v. Kolansky***, 800 A.2d 937, 939-940 (Pa.Super. 2002) (quotation, quotation marks, and citations omitted).

Our review of the notes of testimony indicates appellant was sentenced for both his original possessory narcotics offense and for his failure to complete the court-ordered community service. The municipal court found appellant's failure to complete the community service was contemptuous conduct. We are constrained to disagree with that determination.

As reflected by the record, on July 29, 2011, Judge Simmons found appellant guilty of possession of a small amount of marijuana and sentenced him to no further penalty, pending completion of 50 hours of community service. When the municipal court ordered community service, it was a conditional order. Clearly, if appellant completed the community service, he would not be sentenced to any further penalty. If he did not complete the community service, then the court would be free to sentence him to the penalty prescribed by statute for possession of a small amount of marijuana. On February 15, 2013, the municipal court, fully aware that appellant did not complete the 50 hours of community service, sentenced appellant to 15 to 30 days on the possession charge. The court then proceeded to hold a contempt hearing for appellant's failure to complete the 50 hours of community service. We believe this was in error.

There was no order given by the municipal court at any time prohibiting appellant from engaging in any conduct. The order to complete community service was a conditional order related to the sentence the court would ultimately provide on the possession of a small amount of marijuana charge. Appellant failed to complete the community service which resulted in him being sentenced to 15 to 30 days' incarceration. The municipal court had no authority to separately sentence appellant for his failure to complete the community service. As a result, the sentence appellant received of 2½ to 5 months' incarceration for contempt is vacated. Consequently, we have no need to address appellant's remaining arguments.

Judgment of sentence vacated; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2015