J-S76009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VERNELL CARR, JR. | |
| Appellant | No. 3324 EDA 2015 |

Appeal from the Judgment of Sentence Entered August 17, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at Nos: CP-23-CR-0000797-2013 and
CP-23-CR-0000805-2013

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 30, 2016**

Appellant Vernell Carr, Jr. appeals from the August 17, 2015 judgment of sentence entered in the Court of Common Pleas of Delaware County ("trial court"), following the revocation of his parole and probation.  Upon review, we vacate in part and remand for resentencing.

The facts and procedural history underlying this case are undisputed.[1] Briefly, on May 8, 2013, Appellant was sentenced to one year less one day to two years less one day and two consecutive years of probation following his guilty plea to burglary and resisting arrest at docket number 805-13

---

[*] Former Justice specially assigned to the Superior Court.

[1] Unless otherwise specified, these facts come from the trial court's May 20, 2016 opinion.

("First Case"). On the same day, following his guilty plea to simple assault, Appellant also was sentenced to two years of probation at docket number 797-13 ("Second Case"), to run concurrently with the sentence imposed in the First Case. Appellant was released on parole on May 7, 2014.

On June 24, 2014, while on parole, Appellant was arrested at docket number 5929-14 and charged with numerous crimes. On June 26, 2014, a bench warrant was issued against Appellant based on his violation of the terms and conditions of his parole. On April 2, 2015, following his guilty plea to possession of a firearm with an altered manufacturer's number, Appellant was sentenced to a state sentence of 20 to 54 months' imprisonment with 30 consecutive months of probation.

On August 17, 2015, the trial court held a **Gagnon II**[2] hearing on Appellant's parole and probation violations at docket numbers 805-13 and 797-13. Eventually, Appellant was sentenced, *inter alia*, to 18 to 36 months' imprisonment for resisting arrest in the First Case to run concurrently with

_____

[2] In **Gagnon v. Scarpelli**, 411 U.S. 778 (1973), the Supreme Court determined a two-step procedure was required before a parole or probation may be revoked:

> [A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [**Gagnon I**] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [**Gagnon II**] prior to the making of a final revocation decision.

**Id.** at 781-82.

the 12 to 24 months' imprisonment for simple assault in the Second Case. Appellant appealed to this Court.[3]  Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant argues only that he received an illegal sentence in the First Case for resisting arrest because the trial court sentenced him to 18 to 36 months' imprisonment.  We agree.

At the outset, we note that because Appellant's argument relates to the legality of sentence, our standard of review is *de novo* and our scope of review is plenary.  **See Commonwealth v. Gentry**, 101 A.3d 813, 817 (Pa. Super. 2014).  Here, the Commonwealth agrees with Appellant that under

---

[3] Instantly, although Appellant did not appeal within 30 days from the date of sentencing, we decline to quash the appeal based on a breakdown in the processes of the trial court.  **See Commonwealth v. Patterson**, 940 A.2d 493, 498-99 (Pa. Super. 2007) (noting that generally an appellate court cannot extend the time for filing an appeal, but may grant relief where there is a breakdown in the processes of the trial court.), **appeal denied**, 960 A.2d 838 (Pa. 2008).  A breakdown in the processes of the court occurs "when the trial court or the clerk of courts depart[s] from the obligations specified in" Rules of Criminal Procedure.  **See id.** at 499; **accord Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa. Super. 2003) (declining to quash the appeal because of a breakdown in the court's operation); **see also** Pa.R.Crim.P. 708(D)(3)(a) ("The judge shall advise the defendant on the record . . . of the right to file a motion to modify sentence and to appeal, [and] of the time within which the defendant must exercise those rights.").  Here, as the Commonwealth admits, and the record confirms, the trial court failed to apprise Appellant of his post-sentence appeal rights on the record following a **Gagnon II** hearing as required under Rule 708(D)(3)(a).  Accordingly, given the breakdown of the trial court's operation, we decline to quash this appeal as untimely filed.

the Crimes Code, a conviction for resisting arrest is a misdemeanor of the second degree, which carries a term of imprisonment, "the maximum of which **is not more than two years**." 18 Pa.C.S.A. § 106(b)(7) (emphasis added); *see also* 18 Pa.C.S.A. § 1104(2); 18 Pa.C.S.A. § 5104. Accordingly, because Appellant was sentenced to a maximum term of imprisonment exceeding two years, his sentence was illegal. *See Commonwealth v. Tobin*, 89 A.3d 663, 668 (Pa. Super. 2014) ("The . . . most basic and classic examples of an illegal sentence are sentences that exceed the statutory maximum[.]"). We, therefore, vacate Appellant's sentence for resisting arresting in the First Case.

Judgment of sentence vacated in part. Case remanded for resentencing consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2016