J-S08023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REO BENJAMIN ADKINS | : | No. 1027 WDA 2019 |

Appeal from the Order Entered June 20, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000840-2019

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MARCH 2, 2020**

The Commonwealth appeals from the order of the Court of Common Pleas of Erie County denying its motion to reconsider an earlier order granting the habeas corpus motion of Reo Benjamin Adkins (Appellee).[1]  After review of jurisdictional prerequisites, we quash.

Appellee was originally charged with drug offenses at CP-25-CR-0001993-2017, but won a suppression motion based on the lack of a search warrant.  There was no Commonwealth appeal and the litigation ended upon

_____

[1] The Commonwealth has certified in its notice of appeal that its appeal fell under Pa.R.A.P. 311(d), which provides the Commonwealth an appeal as of right in criminal matters where the order appealed from terminates or substantially handicaps the prosecution.  **See** Commonwealth's Notice of Appeal, 7/11/19.  We note that the notice of appeal with certification refers solely to the order of June 20, 2019, denying reconsideration.  Appellee did not file a brief.

denial of the Commonwealth's motion to reconsider on March 28, 2018.

On December 28, 2018, the Commonwealth filed the instant underlying complaint at CP-25-CR-0000840-2019, bringing the same drug charges as in the initial prosecution, based on the same underlying incident. This time, the Commonwealth had obtained a warrant to search the bag that the police had previously searched without a warrant. The Commonwealth presented no other distinguishing characteristics of its renewed prosecution.

On April 9, 2019, the trial court granted Appellee's habeas corpus motion to suppress the contested evidence in this matter, as in the prior prosecution. On April 18th, the Commonwealth filed a motion for reconsideration. On June 20th, the trial court denied reconsideration, and on July 11th, over three months after entry of the suppression order, the Commonwealth filed a notice of appeal from the order denying reconsideration. On July 16th, the trial court entered an order for a concise statement pursuant to Pa.R.A.P. 1925(b), and on July 26th, the Commonwealth filed a timely statement. [2]

---

[2] The trial court determined that the Commonwealth's Pa.R.A.P. 1925(b) statement was too vague. Trial Ct. Op., 8/14/19, at 2. Indeed, the Commonwealth's statement is minimal at best, stating in substantial sum: "The Court erred as a matter of law and/or abused its discretion by granting [Appellee's] Pre-trial Motion." Commonwealth's Concise Statement of Matters Complained of on Appeal, 7/26/19. We remind the Commonwealth that "[t]he Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." *See* Pa.R.A.P. 1925(b)(4)(ii).

We may raise issues concerning jurisdiction *sua sponte*. ***Commonwealth v. Gentry***, 101 A.3d 813, 816 (Pa. Super. 2014). This Court may not issue advisory opinions. ***Application of Milton S. Hershey Med. Ctr. of Pennsylvania State Univ.***, 595 A.2d 1290, 1293 (Pa. Super. 1991).

To preserve the right to appeal a final order, a notice of appeal must be filed within thirty days after the date of entry of that order. Pa.R.A.P. 903(a). "Our court has repeatedly held that appeals filed from orders denying reconsideration are improper[.]" ***Valentine v. Wroten***, 580 A.2d 757, 758 (Pa. Super. 1990). The ***Valentine*** Court continues: "The appeal in this case should have been filed within thirty days from the [final] order or, reconsideration should have expressly been granted within thirty days of that order. Since the untimely filing of the appeal goes to the jurisdiction of this court, we have no choice but to quash the appeal." ***Id.***

Pennsylvania Rule of Appellate Procedure 1701, governing effects of appeals, provides that after appeal is taken, trial courts may, *inter alia*, grant reconsideration of the order subject of the appeal, if:

> (i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; **and**

> (ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

Pa.R.A.P. 1701(b)(3)(i)-(ii) (emphasis added);[3] ***see also Commonwealth v.***

***Moir***, 766 A.2d 1253 (Pa. Super. 2000) (filing of motion for reconsideration

did not toll 30-day period for appealing from trial court order, and thus appeal

was untimely).

The trial court granted Appellee's habeas corpus motion on April 9,

2019.  Although the Commonwealth filed for reconsideration on April 18th,

the trial court did not expressly grant reconsideration, and thus the period for

filing an appeal was not tolled.  ***See*** Pa.R.A.P. 1701(b)(3) & *note*; ***Valentine***,

580 A.2d at 578.  Thus, the Commonwealth had to file a notice of appeal on

or before May 9th, *per* Pa.R.A.P. 903.  Because the untimely filing of a notice

of appeal precludes jurisdiction of this Court, we must quash this appeal.

Appeal quashed.

_____

[3] The note to Pa.R.A.P. 1701 explains:

> The better procedure under this rule will be for a party seeking
> reconsideration to file an application for reconsideration below and
> a notice of appeal, etc.  If the application lacks merit the trial court
> or other government unit may deny the application by the entry
> of an order to that effect or by inaction.  The prior appeal paper
> will remain in effect, and appeal will have been taken without the
> necessity to watch the calendar for the running of the appeal
> period.  If the trial court or other government unit fails to enter
> an order "expressly granting reconsideration" (an order that "all
> proceedings shall stay" will not suffice) within the time prescribed
> by these rules for seeking review, Subdivision (a) becomes
> applicable and the power of the trial court or other government
> unit to act on the application for reconsideration is lost.

Pa.R.A.P. 1701, *note*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/2/2020