J-S34004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHANE MICHAEL FETTEROLF | : | |
| | : | |
| Appellant | : | No. 349 MDA 2021 |

Appeal from the Order Entered February 11, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004654-2018

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:             **FILED: DECEMBER 3, 2021**

Appellant, Shane Michael Fetterolf, appeals from the February 11, 2021 Order entered in the York County Court of Common Pleas denying Appellant's Motion to Correct Illegal Sentence and granting the Commonwealth's Motion to Dismiss [Appellant's] Motion for Lack of Jurisdiction.  After careful review, we reverse and remand for further proceedings.

On June 10, 2018, Appellant and David Atland[1] were involved in a motor vehicle accident.  On August 28, 2018, the Commonwealth charged Appellant with eleven offenses arising from his role in the accident.

On December 20, 2018, Appellant entered a negotiated guilty plea to one count each of Accidents Involving Death or Personal Injury, Driving While Operating Privileges Suspended or Revoked, and Operating a Vehicle Without

_____

[1] Mr. Atland is also sometimes referred to in the record as David Altland.

Required Financial Responsibility.[2]  That same day, the trial court sentenced Appellant to a 3- to 23-month sentence of incarceration and to pay an aggregate fine of $800, court costs, and $500 in restitution to the victim for unreimbursed insurance deductible and $36,078.54 to Nationwide for various expenses incurred to cover the victim's insurance claim.  The restitution amount to be paid to Nationwide included $25,000 to settle an uninsured motorist claim because Appellant did not have insurance at the time of the accident.  Appellant did not file a post-sentence motion or direct appeal from his judgment of sentence.

Almost two years later, on September 20, 2020, Appellant filed a counselled Motion to Correct Illegal Sentence.  In the motion, Appellant asserted that the trial court had imposed an illegal sentence by including $25,000 for the victim's "pain and suffering" in Appellant's restitution sentence.

On October 14, 2020, the Commonwealth filed a Motion to Dismiss Jurisdictionally Untimely Post Sentence Motion, asserting that the trial court lacked jurisdiction to consider the merits of Appellant's claim pursuant to 42 Pa.C.S. § 5505.[3]  The Commonwealth also noted that Appellant's illegal

---

[2] 75 Pa.C.S §§ 3742(a), 1543(b)(1) and 1786(f), respectively.

[3] Section 5505 provides that: "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.  42 Pa.C.S. § 5505.

- 2 -

sentence claim is cognizable under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541-46, but argued that the trial court likewise lacked jurisdiction under the PCRA because Appellant's motion was untimely filed, and Appellant did not plead and prove the applicability of any exceptions to the PCRA's one-year time-bar.

On October 16, 2020, the trial court held a hearing on the motions, following which it directed the parties to file briefs regarding the jurisdictional issue and the merits.

On October 30, 2020, Appellant filed a Supplemental Motion for Modification of Restitution, in which he asserted, *inter alia*, that the trial court had jurisdiction over his motion pursuant to 18 Pa.C.S. § 1106.[4]

Following a second hearing at which the parties presented argument on the jurisdictional issue and the merits of Appellant's request to modify restitution and additional briefing, on February 11, 2021, the trial court denied Appellant's motion to modify and granted the Commonwealth's motion to dismiss for lack of jurisdiction. The court found that, whether it treated Appellant's motion as a post-sentence motion to modify sentence or as a petition for collateral relief under the PCRA, the motion was untimely and the court lacked jurisdiction to address the merits of the issue raised by Appellant.

_____

[4] Section 1106 provides, in relevant part, that "[t]he court may, at any time . . . alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order." 18 Pa.C.S. § 1106(c)(3).

The court did not address Appellant's argument that the court had jurisdiction to modify the restitution sentence pursuant to Section 1106.

This appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) Statement and, in lieu of filing a Rule 1925(a) Opinion, the trial court relied on the reasons set forth in its February 9, 2021 Order and Supporting Memorandum.

Appellant raises the following issue on appeal:

> The trial court erred when it denied Appellant's request to correct his illegal sentence. The trial court did not lack jurisdiction to decide the merits of Appellant's motion. First, a *bona*[]*fide* restitution amount was entered at the time of sentencing, permitting either party to seek modification of restitution at any time thereafter. Second, general damages, including "pain and suffering," are not permitted under the restitution statute making Appellant's sentence illegal. An illegal sentence may be heard, or raised *sua sponte*, by the court at any time. Third, a trial court has inherent authority to correct a patent error in an order, such as occurred in this case.

Appellant's Brief at 4.

Appellant claims that the trial court erred in finding that it lacked jurisdiction to consider the merits of his Motion to Correct Illegal Sentence, in which he requested that the court modify the allegedly illegal restitution order entered at the time of his sentencing. *Id.* at 13. He argues that Section 1106(c)(3) confers on the trial court jurisdiction to modify restitution orders at any time after entry of the order. *Id.* We agree.

"[R]estitution is part of [a] judgment of sentence[.]" ***Commonwealth v. Gentry***, 101 A.3d 813, 816 (Pa. Super. 2014). Ordinarily, a defendant who

wishes to seek modification of his sentence must file a post-sentence motion not later than 10 days after imposition of the sentence. Pa.R.Crim.P. 720(A)(1) (stating that "a written post sentence motion shall be filed no later than 10 days after imposition of sentence."). Where a defendant does not file a post-sentence motion, to preserve his appellate rights he must file a notice of appeal "within 30 days of the imposition of the judgment of sentence in open court." Pa.R.A.P. 903(c)(3); *see also* Pa.R.Crim.P. 720(A)(3) (stating that a "[i]f the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence[.]").

However, Section 1106(c)(3) of the restitution statute provides that, when the court has ordered restitution at the time of sentencing, the court may modify the restitution order **at any time**. 18 Pa.C.S. § 1106(c)(3). In other words, "the [restitution] statute creates an independent cause of action for a defendant to seek a modification of an existing restitution order." *Gentry*, 101 A.3d at 816 (finding that the trial court had jurisdiction pursuant to Section 1106(c)(3) to consider a motion to modify a restitution order entered more than three years earlier). *See also Commonwealth v. Holmes*, 155 A.3d 69, 77 (Pa. Super. 2017) (*en banc*) (Stabile, J., opinion in support of affirmance) (recognizing that "a motion requesting modification of restitution is not considered a typical post-sentence motion subject to timeliness constraints.").

Here, Appellant he did not file a timely post-sentence motion within 10 days of his December 20, 2018 judgment of sentence, which included the order of restitution, and did not file a direct appeal from his judgment of sentence. Rather, almost two years later, on September 20, 2020, he filed a motion requesting that the court modify its order of restitution alleging that the court had illegally ordered him to pay restitution for "pain and suffering."

Following our review, we conclude that Section 1106(c)(3) clearly provides the trial court with jurisdiction to review Appellant's motion. Accordingly, the trial court erred in denying Appellant's motion for lack of jurisdiction. We, thus, reverse the order denying Appellant's Motion to Correct Illegal Sentence and granting the Commonwealth's Motion to Dismiss [Appellant's] Motion for Lack of Jurisdiction and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/03/2021