J-S36013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLEO RUFFIN | : | |
| | : | |
| Appellant | : | No. 3044 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 19, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002640-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLEO RUFFIN JR. | : | |
| | : | |
| Appellant | : | No. 3045 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 19, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000027-2022

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:                                    **FILED MAY 8, 2024**

In this direct appeal by Cleo Ruffin, Jr. from his judgment of sentence, we previously denied the motion to withdraw filed by his counsel, as our independent review of the record pursuant to ***Anders v. California***, 386 U.S. 748 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), identified an issue of arguable merit.  Both parties filed substituted briefs and the Commonwealth concedes that Appellant pled guilty to an inoperative

criminal offense. We agree with the parties that the judgment of sentence for violating 18 Pa.C.S. § 4915 must be vacated. Since this invalidates the parties' plea bargain, we vacate the judgment of sentence and the plea agreement, and remand for further proceedings consistent with this memorandum.

Our prior memorandum set forth the full factual and procedural background underlying these appeals. *See Commonwealth v. Ruffin*, 309 A.3d 1086, 2023 WL 8277600, at *1 (Pa.Super. 2023) (non-precedential decision). For present purposes, we need only observe that Appellant, pursuant to a plea agreement, entered a guilty plea at docket 27-2022 to one count of failing to comply with his sexual offender registration obligations in violation of § 4915. As part of the bargain, the Commonwealth withdrew one count of violating 18 Pa.C.S. § 4915.1(a)(1). Separately, Appellant entered a guilty plea at docket 2640-2021 to one count of summary disorderly conduct, with the Commonwealth withdrawing a charge of simple assault.[1]

Appellant filed a notice of appeal at each docket, and we *sua sponte* consolidated the appeals. Appointed counsel concluded that the appeal was frivolous, exclusively addressing in the *Anders* brief Appellant's complaint that plea counsel was ineffective. We agreed that those complaints could not be raised in this direct appeal. However, we noted that § 4915(a)(1) was one component of sweeping legislative enactments that our Supreme Court held

---

[1] The second case arose from different facts and was consolidated for purposes of a global plea negotiation.

to be unconstitutional pursuant to the "single subject" rule of the Pennsylvania Constitution, and thus void *ab initio*. ***See Commonwealth v. McIntyre,*** 232 A.3d 609, 619 (Pa. 2020); ***Commonwealth v. Neiman***, 84 A.3d 603, 605 (Pa. 2013). Therefore, we directed Appellant's counsel to file a merits brief addressing this issue of arguable merit.

Appellant's substituted brief raises the following issue: "Whether the . . . conviction . . . under 18 Pa.C.S. § 4915(a)(1), a statute declared unconstitutional and void *ab initio*, should be vacated." Appellant's substituted brief at 5. Appellant cites the foregoing law, asserting that the § 4915 offense cannot be enforced. We agree. Pursuant to ***McIntyre***, Appellant's sentence is illegal and must be vacated. ***See McIntyre***, 232 A.3d at 619 ("[McIntyre]'s conviction and sentence cannot stand . . . because his conviction was likewise based on [§] 4915, which . . . must be regarded as void from the time of its enactment."). This issue implicates the legality of Appellant's sentence and is not subject to issue preservation requirements. ***Id.*** at 616.

Concluding that Appellant's sentence for a violation of § 4915 is illegal leads to the question of remedy. The parties presume that we should vacate only the judgment of sentence as to that count and leave the remainder of the plea bargain undisturbed. ***See*** Commonwealth's substituted brief at 11 (contending that "[Appellant]'s conviction for failing to comply . . . should be vacated," but "his disorderly conduct conviction be affirmed"); Appellant's

brief at 10 ("Appellant asserts that his conviction for failing to comply with sex offender registration . . . should be vacated.").

However, we are not bound by the parties' view of the proper disposition of the appeal. *See generally Commonwealth v. Brown,* 196 A.3d 130, 146 (Pa. 2018) (explaining that the judicial branch is not required to adopt the parties' agreement on legal conclusions; "a district attorney's concession of error is not a substitute for independent judicial review"). Unpersuaded by the parties' advocacy, we conclude that the appropriate remedy is to vacate the guilty plea and return the parties to the pre-plea negotiation stage.

It is well-settled "that a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance." *Commonwealth v. Gentry*, 101 A.3d 813, 819 (Pa.Super. 2014). In *Commonwealth v. Ford*, 217 A.3d 824 (Pa. 2019), our Supreme Court addressed a sentence entered following a guilty plea encompassing three dockets, in which the court imposed fines and costs without determining Ford's ability to pay. During collateral proceedings, Ford alleged that his sentence was illegal without said hearing. The Commonwealth conceded that point but claimed that by accepting fines as part of a bargain Ford implicitly agreed that he was able to pay. The *Ford* Court disagreed and held that Ford's sentence was illegal. As it pertains to this matter, the Superior Court panel had vacated the non-mandatory fines and remanded for resentencing. The Supreme Court determined that this remedy was inadequate.

> As for the Superior Court's chosen remedy, however, the panel should have vacated Ford's entire judgment of sentence rather than simply vacating the illegal fines and remanding for resentencing. Indeed, the Commonwealth persuasively argues that it will be deprived of the benefit of its bargain if criminal defendants can, for instance, agree to pay a larger fine in exchange for a shorter term of incarceration, but then later attempt to eliminate or reduce the fine in a post-conviction proceeding. . . . Because selectively vacating specific conditions of a plea agreement threatens to upset the parties' underlying bargain, the better remedy is to put both sides right back where they started, at which point they can begin plea negotiations anew or proceed to trial.

*Id.* at 831.

Similarly, we cannot simply vacate the judgment of sentence imposed at the § 4915 count, as that "threatens to upset the parties' underlying bargain[.]" *Id.* Additionally, in the closely related context of ineffective assistance of counsel claims premised on erroneous legal advice relative to a negotiated guilty plea, the accepted remedy is to vacate the entire plea. *Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1094 (Pa.Super. 2015) (vacating guilty plea and remanding for further proceedings; agreeing with PCRA petitioner that a "shared misapprehension that the mandatory minimum sentence . . . applied" tainted the parties' negotiations); *Commonwealth v. DiMatteo*, 177 A.3d 182, 196 (Pa. 2018) (explaining that *Melendez-Negron* stands for "the proposition that both parties to a negotiated guilty plea are entitled to the benefit of their bargains, but such bargains may not be premised on some shared misapprehension that wrongfully induces the plea") (internal quotation marks and citation omitted). We therefore direct that the parties be returned to the pre-plea stage.

Judgment of sentence vacated. Plea agreement vacated. Cases remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/08/2024