J-S60009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELANTE OUTTERBRIDGE, | |
| Appellant | No. 3187 EDA 2015 |

Appeal from the PCRA Order September 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001809-2011, CP-51-CR-0012306-2012

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 27, 2016**

Elante Outterbridge ("Appellant") appeals, *pro se*, from the order denying his petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We reverse the PCRA order, vacate the judgment of sentence and guilty plea, and remand for further proceedings.

Appellant was arrested on January 12, 2011, in connection with the shooting of Ronnie Brown ("the victim") during an altercation on November 13, 2010.  Criminal Complaint, 11/15/10, at 1.  Appellant was charged with, *inter alia*, aggravated assault and possession of an instrument of crime with

---

[*]  Retired Senior Judge assigned to the Superior Court.

intent to employ it criminally. *Id.* at 2. Appellant was arrested again on August 30, 2012, in connection with his possession of a black, Browning Arms .22 caliber handgun in his waistband. Criminal Complaint, 8/30/12, at 1. Appellant was charged with, *inter alia*, possessing a firearm without a license. *Id.* at 2.

Appellant entered a negotiated plea on both criminal dockets, whereby he pled guilty to aggravated assault, PIC, and possessing a firearm without a license, and the Commonwealth *nol prossed* the remaining charges. N.T., 10/15/13; Written Guilty Plea Colloquy, 10/15/13. The trial court sentenced Appellant the same day to incarceration for an aggregate term of five to fifteen years. Appellant filed an untimely *pro se* motion for reconsideration on March 19, 2014, which the trial court denied. Order, 5/1/14. Appellant did not file a direct appeal.

Appellant filed a timely *pro se* PCRA petition, averring he did not receive credit for time served. PCRA Petition, 9/29/14, at 4. The PCRA court appointed counsel on April 23, 2015. Three days later, counsel filed a "no merit" letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), and a motion to withdraw representation. In response, Appellant filed a *pro se* application for leave to amend his PCRA petition, raising a legality-of-sentence issue premised on **U.S. v. Alleyne**, ___ U.S. ___, 133 S.Ct. 2151 (2013). Application for Leave to Amend, 5/5/15.

Without addressing Appellant's request for permission to amend his petition, the PCRA court sent a notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907 on July 7, 2015. In response, Appellant filed a *pro se* objection to the Rule 907 notice. Objection to Notice of Intention to Dismiss, 7/21/15. The PCRA court dismissed Appellant's petition and permitted counsel to withdraw, with no mention of Appellant's legality-of-sentence claim. Order, 9/22/15. This appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our consideration:

Is the appellant freely allowed to file an/or amended PCRA-petition, while the initial PCRA-petition was still pending so that appellant can achieve substantial justice?

Is the appellant serving a mandatory minimum sentence that's unconstitutional and illegal?

Appellant's Brief at 7 (*verbatim*).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no

- 3 -

support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Regarding Appellant's first issue, amendment of a PCRA petition, the Pennsylvania Supreme Court has stated:

> Our criminal procedural rules reflect that the PCRA judge "may grant leave to amend ... a petition for post-conviction collateral relief at any time," and that amendment "shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A); ***see Commonwealth v. Williams***, 573 Pa. 613, 633, 828 A.2d 981, 993 (2003) (noting that the criminal procedural rules contemplate a "liberal amendment" policy for PCRA petitions). Nevertheless, it is clear from the rule's text that leave to amend must be sought and obtained, and hence, amendments are not "self-authorizing." ***Commonwealth v. Porter***, 613 Pa. 510, 523, 35 A.3d 4, 12 (2012). Thus, for example, a petitioner may not "simply 'amend' a pending petition with a supplemental pleading." ***Id.*** Rather, Rule 905 "explicitly states that amendment is permitted only by direction or leave of the PCRA Court." ***Id.*** at 523–24, 35 A.3d at 12; ***see also Williams***, 573 Pa. at 625, 828 A.2d at 988 (indicating that the PCRA court retains discretion whether or not to grant a motion to amend a post-conviction petition). It follows that petitioners may not automatically "amend" their PCRA petitions via responsive pleadings.

***Commonwealth v. Baumhammers***, 92 A.3d 708, 730–731 (Pa. 2014). In sum, claims raised outside of a court-authorized PCRA petition are subject to waiver. ***Commonwealth v. Reid***, 99 A.3d 470, 484 (Pa. 2014). ***See also Commonwealth v. Mason***, 130 A.3d 601, 627 (Pa. 2015) (finding claim waived for failure to raise it in an authorized amended PCRA petition).

Here, despite being represented, Appellant sought, *pro se*, the PCRA court's permission to amend his petition with an ***Alleyne*** sentencing claim. Application for Leave to Amend, 5/5/15. Without granting Appellant leave to

amend, the PCRA court dismissed Appellant's petition on the merits.[1] In its Pa.R.A.P. 1925(a) opinion, however, the PCRA court expressly recognized Appellant's sentencing issue: "Since [Appellant's] motion to amend challenges the legality of his sentence, the [c]ourt is treating his *pro se* PCRA petition as having been properly amended." PCRA Court Opinion, 2/19/16, at 2 n.1.

Pennsylvania jurisprudence recognizes that a legality-of-sentence issue is not subject to the traditional waiver doctrine. ***See Commonwealth v. Wolfe***, 140 A.3d 651, 660 (Pa. 2016) ("[T]his Court has previously found

---

[1] As stated above, Appellant filed a *pro se* objection to the Rule 907 notice on July 21, 2015, again challenging his sentence under ***Alleyne***. Objection to Notice of Intention to Dismiss, 7/21/15, at ¶ 2. Inexplicably, the record suggests that two months later neither the PCRA court nor counsel were aware of Appellant's objection or the sentencing issue therein:

> THE COURT: What's this here for?
>
> [DEFENSE COUNSEL]: Dismissal. The 907 notice went out.
>
> THE COURT: Okay. It's a PCRA. At the last listing in July we were going to send out a 907 notice, which it looks like we did, on July 7th. Anybody hear back from the defendant?
>
> [PROSECUTOR]: No, Your Honor.
>
> [DEFENSE COUNSEL]: No, Your Honor.
>
> [THE COURT]: So, then, today we can just enter a formal dismissal?
>
> [PROSECUTOR]: That's correct.

N.T., 9/22/15, at 4–5.

that an asserted [*Alleyne*] violation implicated the legality of a sentence . . . and that legality-of-sentence claims are not subject to the traditional waiver doctrine." (internal citations omitted)); *Commonwealth v. Hopkins*, 67 A.3d 817, 821 (Pa. Super. 2013) ("As a general rule, a challenge to the application of a mandatory minimum sentence is a non-waivable challenge to the legality of sentence." (internal quotations omitted)).  Therefore, despite the PCRA court's failure to formally grant Appellant leave to amend his petition to include a legality-of-sentence issue, we discern no abuse of the PCRA court's discretion in treating Appellant's PCRA petition as properly amended.

Appellant's second issue implicates the legality of his sentence. According to Appellant, his sentence was imposed under the illegal mandatory minimum sentencing scheme of 42 Pa.C.S. § 9712(a). Appellant's Brief at 11 (citing *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015)).  Contrarily, the Commonwealth asserts that "[Appellant] negotiated the sentence the court imposed as part of his guilty plea, and the sentence was not a mandatory minimum sentence.  <u>Alleyne</u> does not apply." Commonwealth's Brief at 6.  In support of its position, the Commonwealth asserts:

> [Appellant] made no proffer to the PCRA court – and offers none now on appeal – that a mandatory sentence under Section 9712 was imposed.  In fact, on the court's October 15, 2013, Sentencing Order, the "No" box is checked under the heading "Mandatory Sentence".  At the plea proceeding, the court explicitly stated on the record, "It's my intention to impose the

sentence that was recommended by the DA and agreed to by the defense as part of the negotiated plea" (N.T. 10/15/13, 16), which [Appellant] confirmed when he "waived the ordering of a presentence investigation report in light of the negotiated agreement." (N.T. 10/15/13, 17).

*Id.* at 7–8 (some internal citations omitted).

In retrospect, the PCRA court found Appellant's sentencing challenge meritorious, opining, in relevant part, as follows:

This matter falls into a very narrow category of cases wherein defendants entered into negotiated plea agreements shorty after *Alleyne* was decided which were premised on the application of Pennsylvania's statutory mandatory minimum sentence scheme. As part of these plea agreements, as in the instant matter, the defendants admitted to the predicate act leading to the imposition of a mandatory minimum sentence.

*Alleyne* held that any predicate fact that triggers an increase in the mandatory minimum sentence for a crime is necessarily an element of the offense and that such fact must be found "beyond a reasonable doubt" by a jury. ...

* * *

*Alleyne*, was decided on June 17, 2013, and, as noted above, [Appellant] was sentenced on October 15, 2013, some four months later. . . . Subsequently, our Supreme Court, in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. 2014), held that in Pennsylvania, *Alleyne* was to be applied retroactively to any proceeding pending at the time *Alleyne* was decided. Therefore, [Appellant's] sentence is subject to review under *Alleyne*. ...

Before accepting [Appellant's] plea the [PCRA court] engaged him in an extensive colloquy to ascertain whether or not his plea was in fact voluntary. During this colloquy, [Appellant], on the Bill of Information relating to the charge of Aggravated Assault and PIC, admitted to getting into an altercation with the [victim] who was known to him. [Appellant] also admitted that during the altercation he drew a silver hand gun from his waist and shot the [victim] once in the leg. (N.T. 10/15/[13], pgs. 11, 14)

- 7 -

[Appellant], on the Bill of Information relating to the charge of Carrying a Firearm Without a License, admitted to carrying a loaded gun without a license. (N.T. 10/15/[13], pgs. 13, 14) In light of [Appellant's] admissions, the [c]ourt accepted [Appellant's] plea.

Prior to imposing [Appellant's] negotiated aggregate sentence of 5 to 15 years incarceration, the [c]ourt reviewed the sentencing guidelines to determine if his negotiated sentence fell within the guidelines. ... [Appellant's] sentence was clearly within the guidelines.

\* \* \*

In considering [Appellant's] negotiated plea, it is unclear what role the consideration of the imposition of the mandatory minimum sentence, pursuant to the provisions of 42 Pa.C.S.A. 9712, played in negotiating [Appellant's] plea. No reference was made to the imposition of a mandatory minimum sentence during the [c]ourt's colloquy prior to accepting his plea. The only references on the record to §9712 appear in the Bill of Information wherein the Commonwealth put [Appellant] on notice that it would proceed pursuant to § 9712 and, at sentencing as an aside during the [c]ourt's discussion of the sentencing guidelines with counsel. (N.T. 10/15/[13], pgs. 16, 14).

\* \* \*

The [c]ourt finds that, . . . at the very least, this matter should be remanded for resentencing without reference to § 9712, the mandatory minimum provision.

PCRA Court Opinion, 2/19/16, at 4–8.

In suggesting the need for resentencing, the PCRA court relied heavily on our decision in **Commonwealth v. Melendez-Negron**, 123 A.3d 1087, 1094 (Pa. Super. 2015), which, the PCRA court asserts, "addressed for the first time the legality of a negotiated plea agreement in light of **Alleyne**." PCRA Court Opinion, 2/19/16, at 6. According to the PCRA court:

The defendant in *Melendez-Negron*, as part of his plea agreement, admitted to the possession of a firearm during a drug transaction. His negotiated sentence, premised on the application of § 9712.1, resulted in the imposition of a sentence which substantially exceeded the sentencing guidelines recommendations. [The] *Melendez-Negron* [Court], in declaring the defendant's sentence illegal, in light of *Alleyne*, held that the shared misapprehension that the mandatory minimum sentence required by § 9712.1 applied to Melendez-Negron tainted the parties' negotiations at the outset. *Melendez-Negron* makes it clear that any negotiated sentence premised on the consideration of the now discredited mandatory minimum sentence statutes is *per se* illegal.

PCRA Court Opinion, 2/19/16, at 6–7 (internal citation, quotation marks, and footnote omitted).

Upon review, we agree with the PCRA court that a remand is necessary. We reach this conclusion based on several facts of record. First, as part of his plea agreement, Appellant admitted to the predicate act for imposition of a mandatory minimum sentence: possessing an instrument of crime. (N.T. 10/15/13, pgs. 11). Appellant's admission is "the functional equivalent of a stipulation," and therefore, it would not remedy an *Alleyne* violation inherent to § 9712. *Melendez-Negron*, 123 A.3d at 1091 (citing *Commonwealth v. Cardwell*, 105 A.3d 748, 754–755 (Pa. Super. 2014)).

Second, as observed by the PCRA court, the record is unclear "what role the consideration of the imposition of the mandatory minimum sentence, pursuant to the provisions of 42 Pa.C.S.A. 9712, played in negotiating [Appellant's] plea." PCRA Court Opinion, 2/19/16, at 7. On one hand, the Commonwealth gave notice of its intention to seek a mandatory

minimum sentence pursuant to 42 Pa.C.S. § 9712(a) (Sentences for offenses committed with firearms). Bills of Information, 3/1/11 and 11/26/12, at Count 1. Then, at sentencing, the trial court inquired, "The aggravated assault would be a mandatory minimum, right?" N.T., 10/15/13, at 16. On the other hand, *Alleyne* was decided four months before Appellant entered the negotiated plea. Moreover, there was no reference to section 9712 during the plea hearing, and as the Commonwealth submits, the sentencing order indicates that the sentence imposed was not a mandatory sentence. N.T., 10/15/13, 3–15; Commonwealth's Brief at 7.

Third, Appellant's affirmation that the sentence was a negotiated one does not reveal to what extent, if any, his plea was informed by section 9712. Unlike the record in *Melendez–Negron*, the record at hand is unclear as to whether Appellant and the Commonwealth entered into a negotiated plea under the misapprehension that a mandatory minimum sentencing statute applied. It is well settled that in plea negotiations, "both parties to a negotiated plea agreement are entitled to receive the benefit of their bargain." *Melendez-Negron*, 123 A.3d at 1093 (citations omitted). Accordingly, if a shared misapprehension that the mandatory minimum sentence required by § 9712 applied to Appellant tainted the parties' negotiations at the outset, then "the parties' negotiations began from an erroneous premise and therefore were fundamentally skewed from the beginning." *Id.*

A defendant cannot agree to an illegal sentence. ***See Commonwealth v. Gentry***, 101 A.3d 813, 819 (Pa. Super. 2014) ("Our cases clearly state that a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance.") (citation omitted). Moreover, this Court must vacate an illegal sentence. ***Commonwealth v. Orie Melvin***, 103 A.3d 1, 52 (Pa. Super. 2014). Appellant's negotiated sentence—if informed by an illegal statute—would be illegal and mandate vacating it.

Regarding disposition of Appellant's sentence, the PCRA court opined:

[I]t doesn't appear that vacating [Appellant's] negotiated sentence would result in any such loss of bargain to the Commonwealth, as, contrary to ***Melendez-Negron***, [Appellant's] sentence is clearly within the sentencing guidelines. Furthermore, in his various motions and pleadings, [Appellant] has consistently sought only the reconsideration or modification of his sentence and not its revocation.

PCRA Court Opinion, 2/19/16, at 7–8. We disagree.

The appropriate remedy in a case where the parties have negotiated a sentence that is illegal under ***Alleyne*** is to return the parties to their positions prior to the entry of the guilty plea by vacating the plea. ***Melendez–Negron***, 123 A.3d at 1094. We are compelled, therefore, to reverse the order denying PCRA relief, vacate the judgment of sentence and guilty plea, and remand for further proceedings.

Order reversed. Judgment of sentence vacated. Guilty plea vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2016