J-S73014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM ANTONIO MARRERO- | : | |
| RODRIGUEZ | : | |
| | : | No. 1066 MDA 2019 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered February 19, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005481-2017

BEFORE: SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED: APRIL 13, 2020**

Appellant, William Antonio Marrero-Rodriguez, appeals from the judgment of sentence entered on February 19, 2019, in the Court of Common Pleas of Berks County. We affirm in part and reverse and remand in part.

The trial court summarized the factual history of this case as follows:

On June 11, 2019, Angel Melendez (aka Gordo) borrowed a dirt bike from [Appellant] and was involved in an accident. Angel Melendez refused to pay to repair or replace the dirt bike. On June 14, 2019, [Appellant] arrive[d] in Glenside to discuss payment for the damage to his dirt bike. He spoke with Luis Salame. Angel Hernandez was present and again indicate[d] that he [would] not pay, slap[ped Appellant] and kick[ed Appellant's] car. [Appellant] left and returned with members of his family. [Appellant's] father, Antonio Marrero-Cruz[,] subsequently arrived and argued with Luis Salame. Both men pointed guns at each other. Jonathan Salame subsequently arrived and there was a struggle over the guns on the ground. Luis Salame's weapon discharged during the incident injuring all three men. Antonio Marrero-Cruz then fired his firearm, hitting Jorge Salame in the side of his back. This injury led to hospitalization and

complications. Jorge Salame's prognosis is that he will be in a wheelchair for the rest of his life as a result of the incident. [Appellant] was present at the scene and discharged his weapon three times. He did not hit anyone. He was precluded from having a weapon because of a qualifying prior conviction and was not licensed to carry a weapon in a vehicle or concealed on his person.

Trial Court Opinion, 9/9/19, at 2.

The trial court summarized the procedural history as follows:

Following a jury trial, [Appellant] was convicted of one count of Possession of a Firearm Prohibited[1], one count of Firearms without a license[2], one count of Possession of Instruments of Crime,[3] two counts of Simple Assault[4], one count of Conspiracy to Simple Assault,[5] one count of Recklessly Endangering Another Person[6] and one count of Conspiracy (Recklessly Endangering Another Person)[7]. On February 19, 2019, [Appellant] was sentenced to an aggregate sentence of five (5) to ten (10) years in the Department of Corrections followed by seven years of probation.

On February 28, 2019, [Appellant] filed a Post-Sentence Motion. The Commonwealth filed a Motion to Amend Restitution on March 18, 2019. A hearing on both motions was held on April 4, 2019. [Appellant's] Post Sentence Motion was denied and the Commonwealth's Motion to Amend Restitution was granted on June [6], 2019. On July 1, 2019, [Appellant] filed a timely notice of appeal. On July 23, 2019, counsel was ordered to file a 1925(b) Statement. On August 12, 2019, [Appellant] filed his Concise Statement of Errors Complained of on Appeal[.]

[1] Count 5 18 Pa.C.S.A. §6105(a)(1)
[2] Count 6 18 Pa.C.S.A. §6106(a)(1)
[3] Count 7 18 Pa.C.S.A. §907(a)
[4] Count 8 and Count 10 18 Pa.C.S.A. §2701(a)(1) and (a)(2)
[5] Count 9 18 Pa.C.S.A. §903
[6] Count 12 18 Pa.C.S.A. §2705
[7] Count 13 18 Pa.C.S.A. §903

Trial Court Opinion, 9/9/19, at 1-2.

Appellant presents the following issues for our review:

- 2 -

1.      Whether the trial court reversibly erred/abused its discretion in excluding from trial a certified copy of a criminal complaint of Erick Marrero-Rodriguez, which error/abuse did result in unfair prejudice against [A]ppellant at trial?

2.      Whether the trial court erred in granting the Commonwealth's post sentence motion to amend restitution where there was not a legally sufficient nexus between [Appellant's] conduct and [injuries] suffered by the victim?

Appellant's Brief at 7.

In his first issue, Appellant argues that the trial court erred in excluding from trial a certified copy of a criminal complaint filed against Appellant's brother, Erick Marrero-Rodriguez, who was arrested for illegal possession of a firearm several weeks after the incident at issue in this case. Appellant's Brief at 14. In support of this argument, Appellant makes the following assertions:

Though he did not testify at trial, [A]ppellant had previously given a statement to police that he was alone in the car on June 14, 2016, and that he was not in possession of a firearm at that time.

The purpose of attempt to admit the certified copy was to corroborate [A]ppellant's prior statement to police that he didn't have a gun in the car on June 14, 2016. The certified copy, tending to show that Erick Marrero-Rodriguez possessed a firearm, could have been used to support an argument that [A]ppellant was untruthful about being alone in the car on June 14, 2016, in an attempt to protect his brother Erick, and could have been used to support the suggestion that it was actually Erick who fired another firearm on June 14, 2016, not [A]ppellant.

*Id.* Appellant further maintains that "Appellant was prohibited from cross examination of Detective [Justin] U[c]zynski using the certified complaint and, considering that [A]ppellant didn't shoot anybody, the exclusion of the defense theory itself had a prejudicial and disastrous impact on the scope and quality

- 3 -

of [A]ppellant's defense." ***Id.*** at 17. As such, Appellant contends that he should be granted a new trial. ***Id.***

The trial court may exercise its discretion in deciding whether to admit evidence, and our review of the trial court's evidentiary decisions is limited to determining whether the trial court abused its discretion. ***Commonwealth v. Foley***, 38 A.3d 882, 886 (Pa. Super. 2012). "We will not disturb a trial court's ruling unless that ruling reflects 'manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.'" ***Commonwealth v. Einhorn***, 911 A.2d 960, 972 (Pa. Super. 2006) (citation omitted). "Even when a defendant can prove an error in the admission or exclusion of testimony, it is not enough to warrant a new trial unless he can also prove that he was prejudiced by such error." ***Commonwealth v. Beltz***, 829 A.2d 680, 682-683 (Pa. Super. 2003).

"The basic requisite for the admission of any evidence in a case is that it be competent and relevant." ***Commonwealth v. Johnson***, 874 A.2d 66, 72 (Pa. Super. 2005) (citing ***Commonwealth v. Freidl***, 834 A.2d 638, 641 (Pa. Super. 2003)).

> Though relevance has not been precisely or universally defined, the courts of this Commonwealth have repeatedly stated that evidence is admissible if, and only if, the evidence logically or reasonably tends to prove or disprove a material fact in issue, tends to make such fact more or less probable, or affords the basis for or supports a reasonable inference or presumption regarding the existence of a material fact.

***Johnson***, 874 A.2d at 72.

- 4 -

Moreover, "[t]he court may exclude evidence if its probative value is outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403. Our rules of evidence define "unfair prejudice" as "a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.E. 403 cmt.

The trial court addressed this issue as follows:

> There had been no testimony by any witness that there was a second person in [Appellant's] car. The only [suggestion] of a potential second occupant was the cross examination of Detective Uczynski regarding his assessment of [Appellant's] credibility. Without some competent evidence of a second occupant, there was no relevance to the proposed exhibit. Similarly, there was no proposed testimony to link the arrest of a man named Erick Marrerro-Rodriguez three weeks later to a close relative of [Appellant] who may or may not have been present at the scene. Accordingly, there was no proper proposed authentication of the exhibit.

Trial Court Opinion, 9/9/19, at 4.

We agree with the trial court. A criminal complaint filed against an individual alleged to be Appellant's brother three weeks after the incident herein is not relevant. The information, even if believed,[1] is not relevant to

---

[1] We agree with the trial court's observation that the alleged criminal complaint was not authenticated. *See Commonwealth v. McKellick*, 24 A.3d 982, 986-987 (Pa. Super. 2011) ("The offering party must authenticate such evidence. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to

the issues in this case. A criminal complaint filed against Appellant's alleged brother three weeks later does not logically or reasonably prove or disprove Appellant's guilt of the crimes for which he was convicted, especially in light of the evidence presented herein. *Johnson*, 874 A.2d at 72.

The evidence of record establishes that Appellant was alone in a blue Honda Civic during the altercation. N.T., 1/22/19, at 112, 127, 134-135. One of the victims, Jorge Salame, testified that he saw Appellant operating the blue Honda Civic and observed him fire a gun during the incident. N.T., 1/23/19, at 173-174, 176.[2] Surveillance video capturing the incident was played during trial, and Mr. Salame identified the point in the video where Appellant was caught on camera firing the gun. N.T., 1/23/19, at 173, 178.

Additionally, Detective Uczynski testified during trial. The surveillance video was also played for him. In the video, Detective Uczynski identified Appellant operating the blue Honda Civic, and although he could not observe a firearm, the Detective testified that three rapid puffs of smoke, as would occur from the firing of a gun, could be observed coming from the driver's side window of the Honda Civic. N.T., 1/23/19, at 244, 287-289. Detective

_____

support a finding that the matter in question is what its proponent claims."). Pa.R.E. 901(a).

[2] As was noted, there were several people involved in this altercation, and multiple people possessed firearms during the incident. Mr. Salame was not shot by Appellant, but testified to being shot by Appellant's father, Antonio Marrero-Cruz. N.T., 1/23/19, at 193-195.

- 6 -

Uczyncski stated that Appellant did not have a license to carry a firearm. ***Id.*** at 306. Detective Uczynski also indicated that during his interview of Jorge Salame on August 23, 2016, Mr. Salame stated that Appellant had a gun and was firing it while operating the Honda Civic. N.T., 1/24/19, at 365. Detective Uczynski testified that Appellant admitted that he was the operator of the blue Honda Civic at the time of the incident, and that he was the sole occupant of the vehicle. N.T., 1/23/19, at 285-286; N.T., 1/24/19, at 361. Detective Uczynski identified two shell casings that were recovered from the street where the blue Honda Civic was located as observed on video surveillance. ***Id.*** at 245, 284-285.

Moreover, at no point during trial did Appellant's counsel assert that there was someone else in the car. There was no testimony or evidence presented that there was another person in the car with Appellant on the night of the incident that would support this theory.

Thus, there was significant evidence presented at trial that supported Appellant's convictions. As a result, introduction of the alleged criminal complaint filed against Erick Marrero-Rodriguez three weeks after this incident would not make it more or less likely that Appellant committed these crimes. Moreover, if introduced, the prejudice of this evidence would outweigh any probative value because it would serve only to confuse the issue or divert the jury's attention away from its duty of weighing the evidence impartially.

Pa.R.E. 403 cmt. Accordingly, the trial court did not err in excluding from trial a certified copy of the criminal complaint against Erick Marrero-Rodriguez.

In his second issue, Appellant argues that the trial court erred in granting the Commonwealth's post-sentence motion to amend restitution where there was not a legally sufficient nexus between Appellant's conduct and the injuries suffered by the victim. Appellant's Brief at 17. Appellant states that the victim, Jorge Salame, was shot in the back and injured, not by Appellant, but by co-defendant Antonio Marrero-Cruz. *Id.* at 18. Furthermore, Appellant argues that he was not convicted of count 10, which was a charge for aggravated assault, but was instead convicted of count 8, simple assault. *Id.* Appellant appears to be arguing that because Mr. Salame suffered "serious bodily injury" and not just "bodily injury," as is outlined in the offense of simple assault, he cannot be liable for restitution to that victim. *Id.* at 19. Appellant asserts:

> [A]s Appellant was not convicted either as a principal, an accessory, or as a conspirator of any crime involving "serious bodily injury" and as the Commonwealth sought restitution for the victim's serious bodily injury, it cannot be said that the serious bodily injury "directly resulted from the crime" of causing bodily injury.
>
> It is unfair to hold [A]ppellant accountable for medical bills relating to serious injuries which [A]ppellant did not cause in fact (because victim was injured by a co-defendant, not by [A]ppellant) and which [A]ppellant did not cause in law (because victim's serious bodily injury was not caused by [A]ppellant's crime of causing only bodily injury.

*Id.* at 19-20.

"An appeal from an order of restitution based upon a claim that it is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing; as such, it is a non-waivable matter." ***Commonwealth v. Rotola***, 173 A.3d 831, 834 (Pa. Super. 2017); ***see also Commonwealth v. Brown***, 956 A.2d 992, 994 (Pa. Super. 2008) (Challenges to the authority to award restitution are generally non-waivable challenges to the legality of the sentence.).  Issues concerning the legality of sentence are questions of law, and thus, our standard of review is *de novo* and our scope of review is plenary.  ***Commonwealth. v. Wolfe***, 106 A.3d 800, 802 (Pa. Super. 2014).

The authority to impose restitution derives from Section 1106 of the Crimes Code:  "Upon conviction for any crime wherein: . . . (2) the victim, if an individual, suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor."  18 Pa.C.S. § 1106(a)(2).  As this Court has explained:

> The Supreme Court has held that Section 1106's language is clear on its face and applies only for those crimes to property or person where there has been a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable.  Moreover, we have held that because of Section 1106's words, restitution is a proper sentence under the Crimes Code only if there is a direct causal connection between the crime and the loss.

***Commonwealth v. Barger,*** 956 A.2d 458, 465 (Pa. Super. 2008)(*en banc*) (internal citations omitted).

In determining the correct amount of restitution to be paid, courts employ a "but-for" test – "damages which occur as a direct result of the crime are those which should not have occurred but for defendant's criminal conduct." ***Commonwealth v. Gerulis***, 616 A.2d 686, 697 (Pa. Super. 1992). When a defendant's actions are a substantial factor in causing injuries to the victim, the trial court can impose restitution. ***Commonwealth v. Walker***, 666 A.2d 301, 309 (Pa. Super. 1995) (holding that but for Appellant's DUI, victims would not have sustained injuries and thus restitution for car damage was proper); ***see also Commonwealth v. Penrod***, 578 A.2d 486, 490 n.1 (Pa. Super. 1990) (finding restitution proper because but for defendant causing car accident, victim would not have lost property contained in demolished car).

In this case, Appellant was convicted of simple assault and conspiracy to commit simple assault related to the injuries suffered by the victim, Jorge Salame. Specifically, Appellant was convicted, *inter alia*, of simple assault and conspiracy to commit simple assault. Count 8, simple assault, charged Appellant with "attempt to cause or intentionally, knowingly or recklessly caus[ing] bodily injury to JORGE SALAME[,]." Criminal Information, 12/12/17, at 2. At count 9, Appellant was charged with conspiracy to commit simple assault, charging him "with the intent of promoting or facilitating the commission of the crime of SIMPLE ASSAULT, did agree with ANTONIO MARRERO-CRUZ, that they, or one or more of them, would engage

in conduct which would constitute such crime, or an attempt or solicitation to commit such crime." *Id.*[3] Thus, Appellant's convictions were directly related to the harm suffered by Jorge Salame.

Further, as outlined above, the record reflects that in the course of escalating the dispute, Appellant brought his father to the altercation as backup. N.T., 1/23/19, at 166-167. The parties returned to the scene of the incident bearing firearms. *Id.* at 166-170. The evidence supports the conclusion that Appellant's father shot Mr. Salame, n.t., 1/23/19, at 193-195, and Appellant does not dispute that fact. Appellant's Brief at 18-19. Moreover, the evidence supports the conclusion that Appellant also fired a gun during the incident. N.T., 1/23/19, at 173, 178, 244, 287-289. Thus, but for Appellant's escalation of the interaction between the parties, his recruitment of his father, and his bringing his Father to the altercation while both were armed, Mr. Salame would not have suffered personal injury. Appellant's actions of simple assault and conspiracy to commit simple assault directly resulted in Mr. Salame's injuries. *Gerulis*, 616 A.2d at 697. Thus, the trial court did not err in imposing restitution upon Appellant as part of his sentence.

---

[3] An individual is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). A person is guilty of criminal conspiracy with another person or persons to commit a crime "if with the intent of promoting or facilitating its commission he . . . agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime." 18 Pa.C.S. § 903(a)(1).

While we find that the trial court had the authority to impose restitution, however, we also are compelled to conclude that the court's restitution sentence was illegal due to the manner in which it was imposed. Although neither party raised this issue, we are required to address it *sua sponte*. **See Commonwealth v. Barger**, 956 A.2d 458, 464 (Pa. Super. 2008) (*en banc*) ("The legality of a sentence is a non-waivable question that may be raised at any time and *sua sponte* by this Court.").

Appellant's sentence on Count 8 included restitution in the amount of $1.00. N.T., 2/19/19, at 12. In ordering $1.00 restitution, the sentencing court explained: "The Commonwealth will need to request a hearing in a timely manner on that to determine if there, in fact, is any other restitution due and owing." **Id.** The Commonwealth subsequently filed a motion to amend that amount. The trial court granted the motion and entered an order on June 6, 2019, directing Appellant to pay restitution, jointly and severally with his co-defendant, in the amount of $5,008.86.

In **Commonwealth v. Gentry**, 101 A.3d 813 (Pa. Super. 2014), the trial court imposed a restitution order of $1.00 as an interim value and provided for the Department of Probation to determine the full restitution amount at a later date. **Id.** at 818. We explained that imposition of this sentence was improper for two reasons: "The plain text of the statute requires the trial court to specify the amount of restitution at the time of the original sentencing as well as a method of payment. In addition, our cases

- 12 -

unequivocally hold that the trial court is not free to delegate these duties to an agency." *Id.* This Court further explained:

> [A]lthough it is true that a restitution order may be amended by a trial court 'at any time' under Section 1106(c)(3), this presupposes that there is a legal restitution order to amend in the first place. We agree with the parties that the original restitution order was itself illegal. Therefore, there was no valid restitution for the trial court to amend.

*Id.* at 819.

Herein, much like the $1.00 order in *Gentry*, the initial order of restitution "was itself illegal," and thus, "there was no valid restitution for the trial court to amend" on June 6, 2019. *Gentry*, 101 A.3d at 819.

> Section 1106(c)(2) mandates that at the time of sentencing the court shall specify the amount and method of restitution. This must be read in conjunction with subsection (c)(4) requiring the Commonwealth to make a recommendation to the Court at or prior to the time of sentencing. This section would be rendered meaningless if the Commonwealth could just come up with any figure and then move to modify it later.

*Commonwealth v. Ortiz*, 854 A.2d 1280, 1283 (Pa. Super. 2004). As we noted in *Commonwealth v. Dinoia*, 801 A.2d 1254 (Pa. Super. 2002):

> Although the statute provides for amendment or modification of restitution "at any time," 18 Pa.C.S.A. § 1106(c)(3), the modification refers to an order "made pursuant to paragraph (2) ...." Thus, the statute mandates an initial determination of the amount of restitution at sentencing. This provides the defendant with certainty as to his sentence, and at the same time allows for subsequent modification, if necessary.

*Id.* at 1257 (internal citation omitted). *See also Commonwealth v. Mariani*, 869 A.2d 484, 487 (Pa. Super. 2005) (stating, "an order of

restitution to be determined later is *ipso facto* illegal[ ]"). Thus, we conclude that the restitution sentence imposed by the trial court herein was illegal.

Turning to the question of remedy, we again find guidance in **Gentry**, where this Court determined that "the appropriate remedy is for the trial court to have an opportunity to impose a new restitution order." **Gentry**, 101 A.3d at 819. Thus, as in **Gentry**, on remand, the trial court shall vacate the restitution order and conduct a new sentencing hearing, limited to the issue of restitution consistent with 18 Pa.C.S. § 1106 and our case law.

Judgment of sentence affirmed in part and reversed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/13/2020