J-S21020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACOB RALPH HELSEL, | : | |
| | : | |
| Appellant | : | No. 1169 WDA 2019 |

Appeal from the PCRA Order Entered July 22, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002011-2017

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 22, 2020**

Appellant, Jacob Ralph Helsel, appeals from the Order denying the relief requested in his first Petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-46.  He challenges the legality of his sentence as well as the stewardship of plea counsel.  After careful review, we conclude that Appellant waived his ineffective assistance of plea counsel claim and did not receive an illegal sentence.  We, thus, affirm.

On June 25, 2018, Appellant entered an open guilty plea to one count each of Accidents Involving Death or Personal Injury, Simple Assault, and

Tampering with/Fabricating Physical Evidence.[1,2] On September 11, 2018, the court sentenced Appellant for the Accidents Involving Death pursuant to 75 Pa.C.S. § 3742(b)(3)(i) to a term of four to eight years' incarceration.[3] Appellant did not appeal his Judgment of Sentence.

On December 18, 2018, Appellant timely filed his PCRA Petition in which he sought (1) to withdraw his guilty plea based on an assertion that it was coerced by ineffective assistance of plea counsel; (2) a new trial or re-sentencing based on counsel's ineffectiveness; and (3) resentencing based on an illegal sentence claim.

The PCRA court held a hearing on July 11, 2019, at which Appellant's plea counsel and Appellant testified.[4] *See* N.T. PCRA Hearing, 7/11/19, at 1-10. Counsel for both parties provided extensive argument regarding which sentencing provision of 75 Pa.C.S. §3742(b) applied. The PCRA court took the

_____

[1] 75 Pa.C.S. § 3742(a), 18 Pa.C.S. § 2701(a)(1), and 18 Pa.C.S. § 4910(a)(1), respectively.

[2] The certified record contains the written plea colloquy and the Order of the Hon. Elizabeth Doyle indicating that she accepted Appellant's open guilty plea and was satisfied that the guilty plea was entered knowingly, intelligently, and voluntarily. *See* Order, dated 6/25/18; Guilty Plea Colloquy Form, dated 6/25/18 and executed by Appellant. The record does not contain any notes of testimony from the plea hearing. The Hon. Timothy M. Sullivan presided at Appellant's sentencing hearing.

[3] The court sentenced Appellant to a term of two years' probation on the Tampering conviction, to be served consecutive to his incarceration.

[4] At the PCRA hearing, Appellant testified that he discussed the statute with his plea counsel and entered the guilty plea knowing that he would be subject to a three-year minimum sentence. *See* PCRA Hearing, 7/11/19, 8-9.

matter under advisement and on July 22, 2019, issued an Opinion and Order

denying relief.

Appellant timely appealed. He filed a court-ordered Pa.R.A.P. 1925(b)

Statement stating only the following issue:

> The Trial Court erred and/or abused its discretion or misapplied the law when it failed to grant the Appellant's PCRA [sic] in regards to the Court's application of the mandatory three (3) year sentence imposed by 75 Pa.C.S.[] § 3742(3)(i). The Court did so even though the evidence was clear that the victim was already deceased by the time the Appellant's vehicle came upon the scene. The Trial Court should have applied a penalty provision of 75 Pa.C.S.[] § 3742(1) or (2) [sic] depending upon what type of injury the Court determines the Appellant caused to the victim.

Appellant's Rule 1925(b) Statement of Matters Complained of on Appeal, filed

8/20/19, at 1-2.[5]

In his Brief, Appellant presents the following issue for our review:

> Whether the trial court erred and/or abused its discretion in dismissing Appellant's PCRA [sic] due to the ineffective assistance of counsel resulting in the trial court's application of the mandatory sentence in 75 Pa.C.S.[] § 3742(B)(3)(i).

Appellant's Brief at 4.[6]

We review an order denying a petition for collateral relief to determine

whether the PCRA court's decision is supported by the evidence of record and

free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa.

---

[5] In response, the PCRA court relied on its July 22, 2019 Opinion.

[6] PCRA counsel passed away in October 2019, approximately two months after filing the Rule 1925(b) Statement. Appellant is now represented by

Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)).

Initially, we must determine whether Appellant preserved his claim of ineffective assistance of counsel. It is well-settled that when an appellant files a court-ordered Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal, any issues not raised in the Rule 1925(b) Statement will be deemed waived. *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998).

Here, the issue raised in Appellant's Rule 1925(b) Statement, noted above, failed to include any challenge to the effectiveness of plea counsel's assistance. Accordingly, Appellant has waived his ineffective assistance of counsel claim for appellate review.[7]

Appellant has also raised a challenge to the legality of his sentence when he argues that, based on the facts of the case, he should have been sentenced pursuant to 75 Pa.C.S. § 3742(b)(2), and not Section 3742(b)(3)(i). Appellant's Br. at 6. We may *sua sponte* address the legality of Appellant's sentence. *Commonwealth v. Orellana*, 86 A.3d 877, 882 n.7 (Pa. Super. 2014)*; Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (recognizing that traditional appellate waiver rules do not apply so illegal sentencing claims

_____

[7] In addition, Appellant did not raise any issue implicating his guilty plea in his Rule 1925(b) Statement.

- 4 -

may be addressed on collateral review if they were raised in a timely-filed PCRA petition).[8]

Issues pertaining to the the legality of a sentence are questions of law. Accordingly, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Gentry***, 101 A.3d 813, 817 (Pa. Super. 2014).

Appellant pled guilty to the offense of Accidents Involving Death or Injury. The legislature defined the offense as follows:

> The driver of **any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident** or as close thereto as possible but shall then forthwith return to and in every event shall **remain at the scene** of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid).

75 Pa.C.S. § 3742(a).

When a defendant enters a guilty plea to 75 Pa.C.S. § 3742(a), the court must impose sentence in accordance with the statutory mandates set forth in Section 3742(b). This provision provides, in relevant part, as follows:

> **(b) Penalties.—**
>
> (1) Except as otherwise provided in this section, any person violating this section commits a misdemeanor of the first degree.

---

[8] Appellant's counsel "suggests" that this Court may consider an ***Alleyne*** challenge *sua sponte* with regard to the "sentence enhancements in this matter." Appellant's Br. at 9 n.1. However, the Pennsylvania Supreme Court has held that ***Alleyne*** does not apply retroactively to cases pending on collateral review. *See **Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016). Accordingly, we may not consider his ***Alleyne*** challenge.

(2) If the **victim suffers serious bodily injury**, any person violating subsection (a) commits a felony of the third degree, and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than **90 days** and a mandatory minimum fine of $1,000, notwithstanding any other provision of law.

(3)(i) **If the victim dies, any person violating subsection (a)** commits a felony of the second degree, and the sentencing court **shall** order the person to **serve a minimum term of imprisonment of not less than three years** and a mandatory minimum fine of $2,500, notwithstanding any other provision of law.

* * * *

75 Pa.C.S. § 3742(b).

Appellant contends that his sentence is illegal because it is based on a violation of 75 Pa.C.S. 3742(a) and this provision applies only to a "driver of any vehicle **involved in** an accident resulting in ... death of any person." (emphasis added). Appellant argues that since the "uncontroverted evidence" demonstrated that the victim had died before his vehicle ran her over, it was not his vehicle that was "involved in an accident resulting in ...death." Appellant's brief at 6. Unfortunately, Appellant agreed when he pled guilty pursuant to this Section that he was the driver of a "vehicle involved in an accident resulting in ...death of any person." Thus, the fact that the victim may have already died before Appellant's vehicle ran her over does not matter because Appellant conceded that his vehicle was "involved" in the accident.

Accordingly, the court had no discretion but to sentence Appellant to a minimum of three years' incarceration pursuant to Section 3742(b)(3)(i). We, thus, conclude that the PCRA court did not err or abuse its discretion in denying the relief requested in Appellant's Petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2020