J-S54009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :             PENNSYLVANIA
                                   :
              v.                    :
                                   :
                                   :
STEVEN BRADY HALL           :
                                   :
            Appellant          :     No. 771 MDA 2020

Appeal from the PCRA Order Entered May 1, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002735-2015

BEFORE: NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                   **FILED MAY 24, 2021**

Appellant Steven Brady Hall appeals *pro se* from the order dismissing his timely first petition under the Post Conviction Relief Act[1] (PCRA). Appellant claims that the trial court imposed illegal fines without considering his ability to pay. Appellant also challenges his registration requirements under the Sexual Offender Registration and Notification Act[2] (SORNA). We affirm in part and reverse in part, vacate the judgment of sentence to the extent it imposed fines, and remand as set forth below.

We adopt the PCRA court's summary of the facts. **See** PCRA Ct. Op., 7/15/20, at 1. Briefly, on March 9, 2017, Appellant entered a negotiated guilty

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 42 Pa.C.S. §§ 9799.10-9799.41 (eff. 2012, subsequently amended 2018).

plea to charges of aggravated indecent assault, indecent assault, unlawful conduct with a minor, and corruption of a minor, all of which occurred in 2008. Plea Agreement, 3/9/17, at 1-2; Guilty Plea Hr'g, 3/9/17, at 1-2. Appellant's plea agreement set forth an agreed-upon sentence of four to eight years' incarceration followed by a consecutive five years' probation, with "fines, cost[s] . . . left to the discretion of the" trial court. Plea Agreement at 1-2; *accord* N.T. Guilty Plea Hr'g at 2-3. Following an evaluation, Appellant was found not to be a sexually violent predator (SVP). N.T. Sentencing Hr'g, 5/11/17, at 2.[3]

---

[3] Appellant was also informed that he was considered a Tier III offender and would be subject to lifetime registration requirements under SORNA. At the time of Appellant's original SVP and sentencing hearing, SORNA I was in effect. On July 19, 2017, our Supreme Court decided **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), which held that SORNA I's registration requirements were "punitive in effective." **Muniz**, 164 A.3d at 1128. As such, the Court concluded that SORNA I violated *ex post facto* principles when applied to individuals who, like Appellant, committed a sexual offense before December 20, 2012, the effective date of SORNA I. **See id.** at 1223; **see also Commonwealth v. Lippincott**, 208 A.3d 143, 150 (Pa. Super. 2019) (*en banc*). Subsequently, the General Assembly amended SORNA I and passed SORNA II, in part to address **Muniz**. SORNA II divides sex offender registrants into two distinct subchapters: Subchapter H and Subchapter I. As relevant here, Subchapter I governs individuals who were convicted for an offense that occurred "on or after April 22, 1996, but before December 20, 2012," and whose registration requirements had not yet expired. **See** 42 Pa.C.S. § 9799.52. On July 21, 2020, our Supreme Court held that Subchapter I "is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws." **Commonwealth v. Lacombe**, 234 A.3d 602, 605-06 (Pa. 2020).

On May 31, 2017, the trial court imposed the agreed-upon sentence and also ordered Appellant to pay a fine of $50 for each of the four charges, for a total of $200. Order, 5/31/17.[4] However, the trial court did not inquire as to Appellant's ability to pay those fines. Appellant did not appeal.

On May 11, 2018, the PCRA court docketed Appellant's *pro se* first timely PCRA petition. The PCRA court appointed Shannon Sprow, Esq., as Appellant's PCRA counsel, and she filed a motion to withdraw on July 16, 2018. Attorney Sprow's motion to withdraw noted that Appellant had requested that she raise a claim that the retroactive application of SORNA was unconstitutional. Mot. to Withdraw, 7/16/18, at ¶ 17. Counsel opined that the claim lacked merit. ***Id.***

On July 18, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice, which advised that (1) Appellant had a right to file a response, (2) counsel's motion to withdraw complied with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988), and (3) it would grant counsel's petition to withdraw. Rule 907 Notice,

---

[4] The trial court's original sentencing order, entered May 11, 2017, imposed a sentence of forty-eight years' imprisonment instead of the agreed-upon sentence of four to eight years' imprisonment. Order, 5/11/17. On May 31, 2017, the trial court issued an amended sentencing order with the correct sentence. Order, 5/31/17. We add that although the record does not specify whether Appellant's fines were mandatory or non-mandatory, none of Appellant's convictions called for a mandatory fine.

7/18/18.[5]  Appellant did not file a response to the Rule 907 notice, and the PCRA court took almost two years to issue its final order dismissing Appellant's first PCRA petition.  Order, 4/30/20.[6]

Appellant timely filed a *pro se* notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.  In his Rule 1925(b) statement, Appellant claimed that SORNA was improperly applied to him retroactively in violation of *ex post facto* principles.  **See** Rule 1925(b) Statement, 6/24/20, at 1-2 (unpaginated) (citing **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (plurality), and **Commonwealth v. Moore**, 222 A.3d 16 (Pa. Super. 2019), *vacated*, 240 A.3d 102 (Pa. 2020)).  The PCRA court filed a responsive Rule 1925(a) opinion on July 15, 2020, which stated, in relevant part, that Appellant waived the illegal fine issue and that his SORNA claims were meritless.  PCRA Ct. Op. at 4.

---

[5] The trial court's Rule 907 notice, somewhat confusingly, stated that "notice is hereby given of this court's intention to dismiss [Appellant's] PCRA petition and grant court-appointed counsel's petition to withdraw," which tends to suggest that the court intended to grant counsel's petition to withdraw.  Rule 907 Notice, 7/18/18.  No party, however, disputes that Attorney Sprow was granted permission to withdraw.

[6] Meanwhile, before the PCRA court dismissed Appellant's first PCRA petition, the PCRA court docketed *pro se* Appellant's second PCRA petition.  The PCRA court appointed Wendy Grella, Esq., as counsel, and Attorney Grella filed a petition to withdraw, to which Appellant filed a *pro se* response.  On August 10, 2020, the PCRA court issued an order stating that Appellant's second PCRA petition "shall not be entertained" as it was premature because the instant appeal was before this Court.  Order, 8/10/20.  The order also granted Attorney Grella permission to withdraw.  **Id.**

On appeal, Appellant raises the following issues, which we have reordered as follows:

1. Where [Appellant] bargains for [and] agrees to pay a fine as part of a negotiated plea agreement, must the sentencing court conduct a separate [inquiry] into [Appellant's] ability to pay the fine?

2. Did the trial court err by subjecting [Appellant] to register as a sex offender under SORNA for a crime that happened before SORNA's effective date[?]

3. Did the trial court err by forcing [Appellant] to sign registration requirements that included mandatory minimums for sex offenders, when Megan's Law II had no mandatory minimums unlike SORNA[?]

4. Did the trial court err by forcing [Appellant] to register with the [Pennsylvania State Police (PSP)] in which the PSP dissemination of personal information to the public when Megan's Law II only forced sexually violent predators to public notifications[?]

Appellant's Brief at 9-10 (unpaginated) (formatting altered).

Appellant's first issue is that the trial court erred by failing to inquire into his ability to pay the fine included in the negotiated guilty plea. *Id.* Although Appellant does not argue this claim in his brief, he subsequently filed a letter with this Court acknowledging that his "brief may be incomplete," and requesting that this Court consider the fact that he was moved to a prison dormitory and no longer has the privacy to work on his case. Letter, 10/21/20.

In reviewing Appellant's claim, we are guided by the following principles:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is

- 5 -

supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered).

When a defendant claims that the trial court imposed nonmandatory fines without conducting an ability-to-pay hearing, it constitutes a nonwaivable challenge to the legality of the sentence. ***See Commonwealth v. Ford***, 217 A.3d 824, 831 (Pa. 2019). "Challenges to the legality of a sentence—even a sentence resulting from a negotiated guilty plea—are cognizable under the PCRA." ***Id.*** (citations omitted); ***see also Commonwealth v. Gentry***, 101 A.3d 813, 819 (Pa. Super. 2014) (stating that "a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance"). Further, as long as this Court has jurisdiction over the matter, an illegal sentencing claim is reviewable, cannot be waived, and may be raised by this Court *sua sponte*. ***Commonwealth v. Wolfe***, 106 A.3d 800, 801 (Pa. Super. 2014); ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007).

When a trial court orders a defendant to pay nonmandatory fines without making a record of a defendant's ability to pay those fines, the sentence is illegal. 42 Pa.C.S. § 9726(c); ***Ford***, 217 A.3d at 829 (stating that "the plain language of [Section 9726(c)] is clear: trial courts are without

- 6 -

authority to impose non-mandatory fines absent record evidence that the defendant is or will be able to pay them"); ***Commonwealth v. Snyder***, --- A.3d ---, 2021 WL 1324388, at *10-11 (Pa. Super. filed Apr. 9, 2021) (vacating the imposition of fines because "the law is clear that the [c]ourt must consider a defendant's ability to pay fines prior to their imposition").[7]

Here, the record confirms that the trial court did not inquire into Appellant's ability to pay before imposing $50 fines on each of the four counts included in the negotiated plea agreement. As such, that portion of Appellant's sentence is illegal. ***See*** 42 Pa.C.S. § 9726(c); ***Ford***, 217 A.3d at 828; ***Snyder***, 2021 WL 1324388, at *10-11. We therefore vacate the portion of the sentence imposing court fines and remand for the trial court to determine the appropriate amount of fines, if any, in accordance with Section 9726. ***See*** 42 Pa.C.S. § 9726(c); ***Ford***, 217 A.3d at 828; ***Snyder***, 2021 WL 1324388, at *10-11.[8]

---

[7] In contrast to ***Ford***, which addressed fines, in ***Commonwealth v. Lopez***, --- A.3d ---, 2021 WL 1096376 (Pa. Super. filed Mar. 23, 2021) (*en banc*), an *en banc* panel of this Court resolved whether the trial court was required to hold a hearing under Pa.R.Crim.P. 706(C) to determine the defendant's ability to pay before imposing court costs at sentencing. ***See Lopez***, 2021 WL 1096376, at *1. The ***Lopez*** Court held that although the trial court has the discretion to hold an ability-to-pay hearing at sentencing, Rule 706(C) only requires the trial court to hold such a hearing when the defendant faces incarceration for failure to pay court costs that were previously imposed. ***Id.***

[8] In ***Ford***, the defendant entered a negotiated guilty plea which included an agreed-upon term regarding the amount of non-mandatory fines. ***See Ford***, 217 A.3d at 827. On appeal, this Court concluded that the fines were illegal

Appellant's remaining issues challenge his registration requirements under SORNA. First, Appellant claims that the trial court erred by requiring Appellant to register as a sex offender under SORNA for a crime that occurred before SORNA's effective date. Appellant's Brief at 9-10 (unpaginated). Appellant also asserts that the trial court erred by requiring Appellant to sign registration requirements that included mandatory minimum sentences for non-compliant sex offenders when Megan's Law II had no such mandatory minimum sentences. *Id.* Finally, Appellant argues that he should not be forced to register with the Pennsylvania State Police when, under Megan's Law II, only SVPs were required to register. *Id.*

Initially, we note that Appellant does not include any argument in support of these issues in his brief. As noted above, Appellant acknowledged his brief was incomplete but essentially requested leniency. *See* Letter, 10/21/20.

---

because the trial court failed to conduct an ability-to-pay hearing pursuant to Section 9726. *Id.* at 828. Therefore, we vacated the portion of the defendant's sentence that imposed the illegal fines and remanded the matter for resentencing in accordance with Section 9726. *Id.* Our Supreme Court later reversed, explaining that "[b]ecause selectively vacating specific conditions of a plea agreement threatens to upset the parties' underlying bargain, the better remedy is to put both sides right back where they started, at which point they can begin plea negotiations anew or proceed to trial." *Id*. at 831. Here, unlike in *Ford*, there was no agreement regarding the amount of fines. Instead, the parties left that determination to the discretion of the trial court. Under these circumstances, where the specific fines do not affect the basis of the parties' plea bargain, it is not necessary to vacate Appellant's entire judgment of sentence. *Cf. id.*

When an appellant fails to properly develop issues on appeal, this Court will not consider the merits of those claims. ***See Commonwealth v. Knox***, 50 A.3d 732, 748 (Pa. Super. 2012) (holding that an appellant's failure to cite legal authority in support of his argument results in waiver); ***see also*** Pa.R.A.P. 2119(a) (requiring that an argument section contain discussion and citation of pertinent authorities); Pa.R.A.P. 2101 (stating that "if the defects are in the brief . . . are substantial, the appeal or . . . may be quashed or dismissed"). Here, Appellant has failed to develop his issues in any meaningful fashion capable of review. Therefore, they are waived. ***See Knox***, 50 A.3d at 748.

In any event, we note that Appellant appears to challenge his Subchapter I registration requirements based on his claim that SORNA is more punitive than Megan's Law II and cannot be retroactively applied to him. However, even if Appellant properly developed this claim, he would not be entitled to relief. ***See Lacombe***, 234 A.3d at 605-06 (noting that the appellant was not entitled to relief from SORNA II based on ***Muniz***, which applied to SORNA I and holding that that Subchapter I "is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws").

In sum, we conclude that the PCRA court erred as a matter of law in denying relief on Appellant's claim regarding the illegal fine. ***See Sandusky***, 203 A.3d at 1043-44; ***see also Ford***, 217 A.3d at 829. Accordingly, we affirm in part, reverse in part, and remand for resentencing solely for a determination

regarding the amount of non-mandatory fines in accordance with Section 9726.

Order affirmed in part and reversed in part. Judgment of sentence vacated with respect to fines. Case remanded for resentencing on fines.[9] Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/24/2021

---

[9] Appellant is entitled to counsel for resentencing, unless he wishes to proceed *pro se*.