J-S30022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLER JAKOB MYERS | : | |
| | : | |
| Appellant | : | No. 157 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 12, 2021
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0001522-2020

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED: OCTOBER 8, 2021**

Tyler Jakob Myers (Appellant) appeals from the judgment of sentence entered in the Cumberland County Court of Common Pleas following his guilty plea to one count of driving under the influence of alcohol as a minor (DUI-minor).[1]  On appeal, Appellant argues that the trial court imposed an illegal sentence, in violation of **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), when it relied upon his acceptance of accelerated rehabilitative disposition (ARD) for a prior DUI charge as a predicate first offense to justify sentencing him in the present case as a second-time offender.  Because we agree Appellant's guilty plea and sentencing violated the holding in **Chichkin**,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(e).

we vacate both the judgment of sentence and guilty plea, and remand for further proceedings.

The facts underlying Appellant's arrest, as recounted during his guilty plea hearing, are as follows:

> [O]n March 12th of 2020, [Appellant] was operating a motor vehicle when he was under 21 years of age. He was under the influence of alcohol. When the police stopped him[ for traveling with his high beams on,] they found a half empty bottle of liquor laying in the backseat and detected the odor of an alcoholic beverage emitting from his breath. They performed field sobriety tests and found that he was intoxicated to the point that it rendered him incapable of safe driving.
>
> * * *
>
> [A blood test revealed his blood alcohol content] was .020 percent, and he also had marijuana in his system.

N.T. Plea H'rg, 11/17/20, at 2. *See also* Affidavit of Probable Cause, 4/15/20, at 1. Appellant was charged with four counts of DUI, one count of possession of a small amount of marijuana, and two summary Vehicle Code offenses.[2]

On November 17, 2020, Appellant entered a guilty plea to one count of DUI-minor **as a second offense**. During the plea hearing, the Commonwealth explained:

> My understanding is [Appellant] will be pleading to Count 4, Driving Under the Influence, Underage, **as a second offense**. This is an ungraded misdemeanor. It carries a fine of between

---

[2] **See** 75 Pa.C.S. § 3802(d)(1)(i) (Schedule I controlled substance), (d)(1)(iii) (metabolites), (d)(3) (combination of drugs and alcohol), (e) (minor with BAC 0.02% or higher); 35 P.S. § 780-113(a)(31); 75 Pa.C.S. §§ 1371 (operation following suspension of registration), 4306(a) (approaching a vehicle with high beams).

> $750.00 and $5,000.00 and a period of incarceration of 30 days to 6 months. As part of this plea agreement, [Appellant] is not seeking the Restrictive Punishment Program.

N.T., Plea H'rg, at 2 (emphasis added). The written plea colloquy, signed by Appellant, also states he is entering a plea to "DUI-Underage **(2nd)**," which carries a punishment of "30 Days – 6 Months." **See** Guilty Plea Colloquy, 11/17/20, at 1 (emphasis added). **See also** 75 Pa.C.S. § 3804(b)(2)(i) (mandatory term of 30 days' imprisonment for violation of Section 3802(e) as a second offense). The trial court directed Appellant to appear for sentencing on December 29, 2020.

At the December 29th hearing, counsel for Appellant argued that, contrary to the presentence investigation report, the present offense is "a first offense for sentencing purposes, not a second offense[,]" because Appellant received ARD for his prior DUI. N.T., Sentencing H'rg, 12/29/20, at 2. Thus, counsel asserted Appellant was subject only to a mandatory term of "48 hours and a $500.00 fine[.]" **Id.** The Commonwealth replied that Appellant's prior ARD counted as a first offense because "it hasn't been expunged yet" and the Commonwealth believed it would "be able to prove that underlying offense." **Id.** The trial court responded:

> . . . [H]e pled to a second offense, Count 4. That's what I'm going to sentence him to unless he wants to withdraw his guilty plea. [The Commonwealth is] saying that they can prove [the prior DUI]. He can withdraw his guilty plea, and then he obviously has the right to contest whether or not they can prove that. . . . So, those are his choices.

*Id.* at 2-3. Appellant's counsel then requested a continuance "to review" Appellant's options. *Id.* at 3. The trial court continued sentencing until January 12th.

On January 12, 2021, the trial court sentenced Appellant, as a second DUI offender, to a term of 30 days to six months' imprisonment, and a $750.00 fine.[3] *See* Order, 1/12/21. At no time did Appellant seek to withdraw his guilty plea. This timely appeal follows.[4]

Appellant raises one issue for our review:

Is [Appellant's] sentencing to a second-offense DUI illegal due to the [trial c]ourt erring by relying on his acceptance of ARD for a DUI as the predicate first-offense?

Appellant's Brief at 6.

When a defendant enters a guilty plea, they waive "all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence." *Commonwealth v. Tareila*, 895 A.2d 1266, 1267 (Pa. Super. 2006). Here, Appellant contends the trial court imposed an illegal sentence. "A challenge to the legality of sentence is a question of law; our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Alston*, 212 A.3d 526, 528 (Pa. Super. 2019).

---

[3] The certified record does not include a transcript from the January 12, 2021, sentencing hearing.

[4] The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

- 4 -

Relying on this Court's May 2020, decision in **Chichkin**, Appellant argues the trial court's "reliance on [his] acceptance into the ARD program for a prior DUI charge as a predicate offense to justify the second-offense DUI sentencing was unconstitutional." Appellant's Brief at 10. He insists that, under **Chichkin**, his acceptance of ARD for a prior DUI offense did not constitute proof beyond a reasonable doubt that he committed the prior DUI. **See id.** at 10-11. Thus, he maintains, "there is no prior DUI conviction[,] the court imposed an illegal sentence[,]" and the proper remedy is to remand for resentencing as a first DUI offender. **Id.** at 12.

Section 3804 of the Vehicle Code sets forth mandatory minimum sentences for DUI offenders. **See** 75 Pa.C.S. § 3804. The penalties increase when offenders commit multiple DUIs. Relevant herein, Section 3804(b) mandates that a defendant who is convicted of DUI-minor is subject to a mandatory minimum term of 48 hours imprisonment and a $500 fine for a first offense. **See** 75 Pa.C.S. § 3804(b)(1)(i)-(ii). However, when the conviction is the defendant's second, the mandatory term of imprisonment increases to 30 days, and the minimum fine increases to $750. **See** 75 Pa.C.S. § 3804(b)(2)(i)-(ii). Section 3806 defines a "prior offense" as, *inter alia*,

> any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, **acceptance of Accelerated Rehabilitative Disposition** or other form of preliminary disposition before the sentencing on the present violation for . . .
>
> (1)    an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]

- 5 -

75 Pa.C.S. § 3806(a)(1) (emphasis added).

In ***Chichkin***, this Court held that a defendant's prior acceptance of ARD "cannot be categorized as [a] 'prior conviction[ ]'" for purposes of the DUI recidivist sentencing statute — and, accordingly, "exempt from the holding of ***Apprendi*** [ ***v. New Jersey***, 530 U.S. 466 (2000)] and ***Alleyne*** [***v. United States***, 570 U.S. 99 (2013)]" — because ARD is a "pretrial disposition of charges." ***See Chichkin***, 232 A.3d at 967. Relying on ***Alleyne***, we opined:

> [B]ecause [defendants'] prior acceptances of ARD do not constitute convictions "cloaked in all the constitutional safeguards," we conclude they are a "fact" that, pursuant to ***Alleyne***, ***Apprendi***, and their progeny, must be presented to the fact finder and determined beyond a reasonable doubt before a trial court may impose a mandatory minimum sentence under Section 3804. Accordingly, that portion of 75 Pa.C.S. § 3806(a), which statutorily equates a prior acceptance of ARD to a prior conviction for purposes of subjecting a defendant to a mandatory minimum sentence under Section 3804, is unconstitutional.

***Id.*** at 968 (footnoted omitted).

Thus, pursuant to ***Chichkin***, Appellant's prior acceptance of ARD cannot constitute a first DUI offense for the mandatory sentencing provisions in Section 3804, unless the Commonwealth proves "beyond a reasonable doubt, that [Appellant] actually committed the prior DUI offense." ***See Chichkin***, 232 A.3d at 971. Because it did not do so here, we agree with Appellant that the trial court imposed an illegal sentence. ***See id.*** (defendants' "constitutional rights were violated when the trial court increased their sentences based solely upon their prior acceptances of ARD, absent proof beyond a reasonable doubt that [they] committed the prior offenses.").

Appellant insists that the proper remedy is to vacate his judgment of sentence and remand for resentencing as a first DUI offender. **See** Appellant's Brief at 12. The trial court, however, maintains that Appellant "waived his right to raise the **Chichkin** issue in his case" because defense counsel "was fully aware of the **Chichkin** ruling" when they represented Appellant at his guilty plea hearing. **See** Trial Ct. Op., 4/15/21, at 2 n.4. Moreover, the trial court notes that it provided Appellant with the opportunity to withdraw his plea, but he declined to do so. **See id.** at 2.

Both the trial court and the Commonwealth emphasize that Appellant voluntarily chose to plead guilty to DUI-minor as a second offense — despite the fact that **Chichkin** was filed six months before his plea — and that he declined the trial court's subsequent opportunity to withdraw his plea. **See** Trial Ct. Op. at 1-2; Commonwealth's Brief at 7-9 ("In doing so, [A]ppellant reaffirmed his decision to take the plea agreement[.]"). Nevertheless, it is well-settled that "a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance." **Commonwealth v. Gentry**, 101 A.3d 813, 819 (Pa. Super. 2014). Thus, the fact that Appellant agreed to plead guilty of DUI-minor as a second offense does not rectify the illegality of his sentence under **Chichkin**. Nor do we find it relevant that defense counsel was aware of the **Chichkin**

ruling prior to the entry of the plea; indeed, the same could be said for the Commonwealth and the trial court.[5]

However, the trial court also contends that permitting Appellant to retain the benefit of his plea — in particular, the withdrawal of six additional charges — while permitting him to "escape the term of incarceration to which he agreed[,]" would be unfair to the Commonwealth. Trial Ct. Op. at 2. We agree. "[B]oth parties to a negotiated plea agreement are entitled to receive the benefit of their bargain." *Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1093 (Pa. Super. 2015) (vacating illegal sentence **and** guilty plea when "shared misapprehension that the mandatory minimum sentence . . . applied . . . tainted the parties' negotiations at the outset"). Here, the Commonwealth withdrew six additional charges when Appellant agreed to plead guilty to DUI-minor as a second offense. Accordingly, so that both parties will receive the benefit of their negotiated agreement, we conclude the proper remedy is to vacate both the illegal sentence, and Appellant's guilty plea. *See id.*

Judgment of sentence vacated. Guilty plea vacated. Case remanded. Jurisdiction relinquished.

---

[5] The Commonwealth also insists it **could have** proven, beyond a reasonable doubt, that Appellant committed the prior DUI. Commonwealth's Brief at 8. This revelation is of no moment since it did not actually do so.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/08/2021